## CITY BANK OF BROOKLYN *v.* DEARBORN *et al.*

In a suit upon a promissory note made in the name of a firm without authority by a retired partner, evidence is admissible that the partners had paid a judgment recovered by default upon another note made at about the same time and under the same circumstances.

APPEAL from the Supreme Court. Action upon a promissory note purporting to have been executed by the firm of J. & A. Dearborn, representing John and Alexander Dearborn: the same parties who were defendants in the last preceding case. John alone appeared and defended. Upon the trial before Mr. Justice ROCKWELL, at the Kings Circuit, it appeared that the signature was in the handwriting of Alexander Dearborn. John and Alexander Dearborn were partners in the city of Brooklyn, under the firm of J. & A. Dearborn, carrying on the same description of business as that which they pursued in connection with McChesney in New York, under the firm of J. & A. Dearborn & Co. The note in question was executed by Alexander in the name of the firm after it had been changed on the 1st of February, 1853, by the accession of McChesney, when the style was altered to J. & A. Dearborn & Co. The evidence in respect to the discounting by the plaintiff of the notes of the firm, and the absence of any notice to it of a dissolution or change, was substantially the same as in the last case. It was also substantially alike as to the knowledge of dealers with the firm of the change in its constitution, and the want of any publication in the newspapers. The plaintiff, under exception, gave evidence of a judgment recovered by the plaintiff against the same defendants upon a note made in the same manner, February 7, 1854. Judgment was recovered upon default, and the plaintiff proved the service of the summons in that action upon a man who called himself John Dearborn at the firm's place of business in New York. This judgment was paid by a check signed by Alexander Dearborn in the firm name, J. & A. Dearborn.

The judge directed a verdict for the plaintiff, upon which judgment was entered and affirmed at general term in the second district.    The defendant John Dearborn appealed to this court.

*John Graham*, for the appellant.

*John N. Taylor*, for the respondent.

COMSTOCK, J.    The firm of J. & A. Dearborn commenced in 1848, and was in fact dissolved February 1, 1853.    The note in question is dated February 3, 1854, and was signed by A. Dearborn in the name of the firm.    This was after the dissolution.    But the evidence on the part of the plaintiffs, delivered by their cashier, showed that the bank discounted the note in the ordinary course of business, having a knowledge of the previous existence of the firm and of the persons who composed it, and having no notice of such dissolution.    These facts entitled the plaintiffs to recover against both the partners; and the defendants neither produced nor offered any evidence which could change the result.    It was shown on their part that the dissolution was known to a considerable number of persons; but it was not proved that any public notice of that fact was ever given.    In such circumstances, the partnership was liable to the plaintiffs upon the note.    This question has been considered at the present term in another case between the same parties.

The objections of the defendants to receiving in evidence the judgment roll in another suit between these parties, were unfounded.    The roll itself contained the usual proof that the summons and complaint had been served on the defendants; and I am not aware that any extrinsic evidence of that fact was necessary in order to lay a foundation for introducing that record.    If more was required, as seems to have been assumed at the trial, then I think, as the judge ruled, that the testimony of the witness Doyle, who made the service, sufficiently proved the fact.    The judgment, being by default, did not conclusively

establish in another suit the fact of a partnership or joint liability of the two Dearborns. Nevertheless, that very default was some evidence that they both considered themselves liable to pay another note given in the same partnership name and at about the same time with the one in question. But conceding this proof to have been, as the defendants insisted, wholly irrelevant, it worked no injury, because the plaintiffs, when all the evidence on both sides was given, were entitled to recover upon the established facts of a partnership once existing, and the absence of any such notice of dissolution as would in law exonerate the firm from the liability in question.

Alexander Dearborn, who signed the firm name to the note, was called as a witness, for the purpose, as stated, of proving that he did so without the authority of his associate, John Dearborn; but on objection being made, the court refused to allow him to be sworn. I think the witness was competent for the purpose of showing that the co-defendant was not a party to the contract sued upon as a joint one, because in such a case a several judgment could be rendered. But the fact proposed to be proved by him would not establish the proposition. Notwithstanding the dissolution of the firm, and although one of the partners may have afterwards signed the note without authority from the other, their joint liability remained, according to the principles already stated. As the evidence, therefore, if given, could not have changed the result, the rejection of the witness involved no error for which the judgment ought to be reversed.

A witness for the defendants testified that he wrote a notice of the dissolution for publication in a newspaper; that he gave it to another person who, as the witness believed, got it inserted. But the witness did not pretend to any personal knowledge of the fact of publication, and on that ground, if on no other, the court properly overruled the question which was asked him as to the contents of the notice.

We think the judgment should be affirmed.

All the judges, except SELDEN, J., who was absent, concurring,