Townsend agt. The Narragansett Fire and Marine Insurance Co.

# N. Y. SUPERIOR COURT.

CHARLES R. TOWNSEND and THEODORE E. TOWNSEND, plaintiffs and respondents, agt. THE NARRAGANSETT FIRE AND MARINE INSURANCE COMPANY, defendant and appellant.

Where the rejection of the testimony of a witness offered in evidence on the trial is relevant, and therefore the rejection is error, yet the judgment will not for that reason be reversed, where it can be seen that the offered testimony is not of sufficient importance, when compared with the merits of the case, to have changed the verdict of the jury or affected the judgment in the case.

*General Term, May,* 1873.
*Before* BARBOUR, *C. J.*, FREEDMAN and SEDGWICK, *JJ.*
APPEAL from judgment in favor of the plaintiffs.

SAMUEL JONES, *for appellant.*
OSBORN E. BRIGHT, *for respondents.*

*By the Court,* FREEDMAN, *J.*—This action is brought upon a policy of insurance. The jury found for the plaintiffs, and the appeal is from the judgment. Neither a motion for the direction of a verdict, nor a motion for a new trial was made below. We can, therefore, only look at the exceptions in determining defendant's right to a new trial. Of these, there seem to be but two that are of sufficient moment to be specially adverted to.

The first, which relates to defendant's offer to show the quantity of tea kept on hand by other dealers than the plaintiffs, has already been disposed of by us adversely to the defendant in the case of the same plaintiffs against The Merchants' Insurance Company, of Providence, R. I.

Townsend agt. The Narragansett Fire and Marine Insurance Co.

The other relates to the exclusion of a certain question addressed by defendant's counsel, on folio 324, to one of plaintiffs' witnesses on his cross-examination, with the view of ascertaining from the lips of the witness, whether on the trial of the case against The Merchants' Insurance Company he had not given a somewhat different account of the doings of the members of a hook and ladder company in plaintiffs' store at the time of the fire, than he had given in this case. The question was a proper one, but it seems to have been excluded by the trial judge on his own motion and upon the supposition that the witness had already been interrogated upon that point and had substantially answered the question. The case shows that in point of fact the witness had been examined in that direction, but not sufficiently so as to make the said question, which was more specific than any he had already answered and more particularly directed his attention to his testimony given on the trial of the action against The Merchants' Insurance Company, an improper one. The question should, therefore, have been allowed. But the error, if error it was, is not of sufficient importance to call for a reversal of the judgment. The whole inquiry into the action of the hook and ladder men on the night and upon the premises in question, though relevant, was of a relatively unimportant character, when compared with the real merits of the case, and as to these, the case seems to have been thoroughly, ably and fairly tried. Indeed, it is easy to see from the report of the whole case that, even without a word of testimony from the witness referred to, the verdict of the jury would have been precisely the same. The error must, therefore, be disregarded (*City Bank of Brooklyn* agt. *Dearborn*, 20 *N. Y.*, 244; *Park Bank* agt. *Tilton*, 15 *Abb.*, 384).

The judgment should be affirmed, with costs.

BARBOUR, C. J., and SEDGWICK, J., concurred.