In the Matter of the Controversy between WILLIAM B. CROSBY, Receiver, etc., Respondent, *v.* AUSTIN G. DAY, Appellant.

The court has power to order a compulsory reference of any controversy between the receiver of an insolvent corporation and a debtor in respect to the debt. (2 R. S. 469, §§ 68, 73 ; id. 45, §§ 19, 20, 21.)

The jurisdiction of the court to make the order does not depend upon the nature of the defense to the claim.

Such an order is therefore proper although fraud is alleged.

The fact that the receiver has commenced an action at law to recover the debt does not conclude him from afterward applying for a reference.

An order of reference in such case directed the discontinuance of the action without costs. *Held*, that it was in the discretion of the court whether or not to allow costs to the defendant.

Where, after the evidence of a witness as to a matter is excluded, the same witness is allowed to testify fully in reference thereto, this obviates the error, if any, in the prior ruling.

A general objection to a question calling for an opinion as to the existence of a fact will not sustain an exception to the reception of the testimony where the fact is material ; the objection should be put upon the ground that the fact could not be thus proved.

A witness, in answer to a question as to what he said to defendant in reference to a certain transaction, answered that he told defendant "exactly

what was done." Defendant's counsel moved to strike out the answer, on the ground that the witness should state what was said. The motion was denied and exception taken. The witness then proceeded to give a particular narration of what occurred between him and defendant. *Held,* that the exception was untenable as the answer could not have prejudiced.

(Argued April 21, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee, and also from order of said General Term affirming an order of reference. (Reported below, 16 Hun, 291.)

An action in the Supreme Court was commenced by plaintiff's predecessor, as receiver of the United States Glass Company, against defendant upon three promissory notes given by him to the company in payment for stock. Defendant set up as a defense that he was induced to purchase by means of false and fraudulent representations as to the condition of the company. While said suit was pending application was made for a reference of the controversy under the statute. Defendant opposed upon the ground of the pendency of the action, and that the question of fraud should be submitted to the jury. An order was made referring the matter and discontinuing the action without costs.

The facts appearing on the trial so far as material are set forth sufficiently in the opinion.

*Amos G. Hull* for appellant. The action pending in the Supreme Court, and involving the same subject-matter, was a bar to the application for a reference. (Code of Proc., § 2.) A receiver of an insolvent corporation may institute a common-law action to recover a debt due to the corporation, and when he does so is bound by the same rules, and subject to the same penalties as other plaintiffs. (*Sands, Receiver,* v. *Birch,* 29 How. 308.) The question between the parties being one of fraud, it should be left to the consideration of a jury. (*Thompson* v. *Blanchard,* 4 N. Y. 306; *Gardner* v. *McEwen,* 19 id.

126; *Smith* v. *Acker,* 23 Wend. 753; *Ford* v. *Williams,* 24 N. Y. 359; *Erwin* v. *Voorhees,* 26 Barb. 127; *Kellogg* v. *Wilkie,* 23 How. 234; *Van Burck* v. *Peyser,* 28 How. 292; *Vance* v. *Phillips,* 6 Hill, 433; *Franchere* v. *Henriques,* 24 How. 165; Const. of New York, §§ 1, 2, art. 1; *In re Newell Smith,* 10 Wend. 449; *Townsend* v. *Hendricks,* 40 How. 151–162.) A reference of such a controversy under the statute is subject to agreement between parties. (3 R. S. 39, §§ 21, 22, 23 [Banks' 6th ed.]; id. 748, § 48; id. 75, §§ 87, 88.) If facts are given with a view of impeaching the credibility of a witness, facts and circumstances which will break the force of the impeachment, and which will show the witness to be a man of integrity and truth, may be shown by the other side. (1 Phillips' Ev. 306 [4th Am. ed.]; *Judson* v. *Blanchard,* 4 Conn. 408; *Jackson ex dem. People* v. *Etz,* 5 Cow. 314, 320; *Townsend* v. *Graves,* 3 Paige, 453.)

*Jacob S. Van Wyck* for respondent. This controversy was referable under the statute, and the order appealed from should be affirmed. (2 Edm. Stat. 483, § 36; id. 484, § 42; id. 490, § 68; id. 491, § 73; id. 47, §§ 24, 25; *Townsend* v. *Hendricks,* 40 How. 150–162.) The reference in question was not unconstitutional. (*Sands* v. *Kimbark,* 27 N. Y. 147; *In re Empire Bank,* 18 id. 199.)

*Per Curiam.* The statute authorized the compulsory reference in this case. (2 Edm. Stat. 483, § 36; 484, § 42; 491, §§ 68, 73; 46, §§ 19, 20, 21.) Such a reference violates no constitutional right of the defendant. It was a case of a class, wherein before the adoption of the Constitution, a suit in equity would lie. The determination of the controversy between the parties was an incident to the winding up of the affairs of the insolvent corporation, and the distribution of its assets.

The principle that a jury trial could not be demanded as of right in a case like this was decided in *Sands* v. *Kimbark* (27 N. Y. 147), and in the cases cited in the opinion of Judge DENIO. The jurisdiction of the court to order a compulsory

reference does not depend upon the nature of the defense to the claim. Any controversy in respect to a debt in favor of or against the insolvent corporation may be so referred. (2 Edm. Stat. 46.) The fact that the receiver had brought an action at law upon the notes did not conclude him from afterward applying for a reference under the statute. The order of reference directed a discontinuance of the action, and it was in the discretion of the court whether costs should be allowed to the defendant. The order of the General Term, affirming the order of reference, should, therefore, be affirmed.

The defendant also appeals from the judgment, and relies upon exceptions to the rulings of the referee in respect to evidence.

*First.* The answer of the witness Frederica to the question as to his opinion of the value of a certain patent when it was obtained, disclosed nothing material. So far as it had any bearing on the case it was favorable to the defendant.

*Second.* The same witness was allowed, before the testimony was concluded, to testify fully as to the newspaper article, and the subject therein referred to. This obviated the error, if any, in the prior ruling of the referee, overruling the defendant's question calling upon the witness to state the circumstances in relation to the matter contained in the article.

*Third.* The question put on cross-examination to the witness Cornwall, whether from his examination of the books it was his opinion that the company was doing a legitimate business, may have been objectionable as calling for an opinion, but no ground of objection was stated. The fact was not immaterial, and if the objection was to the manner of giving it, the objection should have been put on that ground.

*Fourth.* The denial of the motion to strike out the answer of the witness Grant to the question as to what he said to defendant about the cash capital of the company, to the effect that he "told Mr. Day (defendant) exactly what was done," on the ground that he should state what was said, could not have prejudiced the defendant. It was followed by a particular narration of what occurred between the witness and Day.

*Fifth.* The motion to strike out the testimony of the same witness that he told Day (defendant) what use witness was to make of the money received from Day, was properly denied. It already appeared that witness had informed Day it was to be applied in the purchase of a patent.

There are several other exceptions, but it is unnecessary to refer to them in detail. It is sufficient to say that we concur with the General Term, that they are " unavailable, unsound, or relate to subjects that could not possibly have affected the result."

The order and judgment should be affirmed.

All concur.

Order and judgment affirmed.