By the Court.—Dugeo J.
The main points raised by the appellant are the following :
1st. That the trial judge erred in refusing to charge *288 “ that the South Ferry station as to its form and shape, was such as the legislature had authorized the defendant to use.”
2d. That he erred in refusing to charge “ that as to the rolling stock of the company at the time of the accident, inasmuch as it was such as the legislature had authorized the defendant to use as a railway—that as to that, there is no proof of negligence against the defendant.”
3d. That he erred in refusing to charge as follows: “ The South Ferry station as to its form and shape was such as the legislature had authorized the defendant to construct and use as a railway.”
There was no error in refusing to charge as requested, because there was no evidence in the case to sustain such requests. The defendant put in evidence a certificate dated December 30, 1879, signed by certain commissioners, which reads that pursuant to powers vested in them under the provisions of chapter 606 of Laws of 1875, and chapter 595 of the Laws of 1875, they approve of the “ New York Elevated Railroad Company the tracks.....curves, stations, platforms, rolling stock, motive power,.....at and from the intersection of Greenwich street and Battery place and the Battery .....to South, Hamilton and Staten Island ferries.
The commissioners who signed the certificate put in evidence, were appointed by the governor pursuant to chapter 595 Laws of 1875, which refers only to an Elevated Railroad along Greenwich street to 9th Avenue, and along 9th Avenue to the Harlem river. (See § 7 of said Act). The terms of said Act have no reference whatever to any railroad or part of a railroad south of Greenwich street; they are expressly restricted to an elevated railroad along Greenwich street and running north.
Section one of chapter 606 Laws of 1875 cited by defendant, enacts that the. commissioners shall be appointed by. a justice of the Supreme Court, and by *289 section 36 of said Act the said commissioners, viz: those appointed by the Supreme Court, may fix and determine the route by which any elevated railway then in actual operation may connect with other steam railways or the depots thereof.
This disposes of appellant’s objections to these rulings of the trial judge. Appellant failed to show that this particular station, viz: the South Ferry station had been approved by any duly authorized commissioners, and there was no proof whatever that the legislature had authorized the defendant to construct the South Ferry station, or any station in any form or shape.
The learned trial judge directed the attention of the jury specially to the fact “ that she (the plaintiff) makes no contention about the construction in the first instance of the platform or station,” in other words the existence of the hole is not complained of, but as the judge charges, “the plaintiff says in her complaint that the defendant’s negligence consisted in this, that the defendant did not provide proper and safe means of exit from the car in which she was riding, but left a hole or space between the step of the car and the platform of the station, which was not properly guarded, nor was the station properly lighted.”
The unsafe means of exit, in that the hole was unguarded and" the station improperly lighted, is what is complained of. The defendant should not have invited passengers to alight at such a dangerous place. The defendant claims that no way of making exit safer was known to science. But it seems to us that common sense suggests several ways. The hole was left unguarded, and under the circumstances the question of negligence was properly left to the jury. We do not believe that the judge erred in excluding defendant’s testimony offered for the purpose of showing the necessity for the present form of structure etc., because ordinary intelligence without the aid of expert knowledge shows, that even if good and sufficient reasons necessitated the *290 construction of the railroad at such a sharp curve, the means of exit from the cars could be made safe.
In the case at bar the contention is, as to whether the means of exit were safe, not the necessity of the particular curve. ' We can well imagine necessity of even a greater curve, and could it be contended therefore that no safe means of exit should be provided ? There was no evidence of contributory negligence on the part of the plaintiff, certainly not enough to warrant the court in taking the case from the jury, or in setting aside the verdict. The charge of the trial judge conformed with the law in every respect, and on the question of plaintiff’s negligence, and also of defendant’s negligence, he charged substantially as defendant had requested.
The remaining point to be considered is as to a question put to Rhoda Boyce, the plaintiff’s sister.
“ Ques : Please state to the jury generally what she has suffered and said about it, and what has been done for her comfort ? ”
The defendant objected to this question, and the objection was overruled. No reason for the objection was given.
The question seems to us to have been admissible, for the witness had testified prior to the question “She (my sister) is not able to work at all; cannot even sweep a room. I sleep with her. I have had opportunities to observe her condition and the pain she suffers; she suffers a great deal.” This objection cannot be considered now, as no ground was stated for it at the trial. An objection should be specific, and point out the grounds for the exclusion of the testimony, and a general objection based upon grounds not disclosed, may be disregarded on appeal. Levin v. Russell, 42 N. Y. 251; Quinby v. Strauss, 90 N. Y. 664.
There was no objection made that the witness was incompetent to speak as an expert, or that the case was not one for expert testimony, therefore the general objection was unavailing. Crosby v. Day, 81 N. Y. 242; *291 Guiterman v. Steamship Co., 83 Id. 358, 366. The witness in answer gave only facts of which she had personal knowledge; and she could have given an opinion predicated upon such facts, if necessary. In view of the testimony given before objection, I cannot see how this answer prejudiced defendant.
The judgment and order appealed from should be affirmed with costs.
Sedgwick, Ch. J., concurred.