ROBERTS *v.* JOHNSTOWN BANK *et al.*

(*Supreme Court, General Term, Fourth Department.* April, 1591.)

1. APPEAL—REVIEW—HARMLESS ERROR.

Plaintiff alleged that she was induced to purchase certain stock by the fraudulent representations of the defendants, but there was no evidence to sustain the charge. Plaintiff excepted to certain rulings of the court upon the exclusion of certain evidence bearing upon the value of such stock. *Held,* that said rulings were harmless, the court having found that there was no fraud in said transaction.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—AFFIDAVIT.

A new trial, upon the ground of newly-discovered evidence, will only be granted where it appears that such evidence has been discovered since the trial; that it could not have been obtained before by the exercise of due diligence; that it is material to an issue involving the merits of the case, is not cumulative, and that, in case of a new trial, there is a reasonable certainty that it will change the result; and the affidavits of witnesses who will give such evidence must state that they are willing and ready to swear to the facts claimed to be newly discovered.

Appeal from special term, Oneida county.

Action by Emma F. Roberts against the Johnstown Bank, Albert E. Blunck, and others. The plaintiff appeals from an order dismissing her complaint, and from an order denying a motion for a new trial on the ground of newly-discovered evidence.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Dunmore & Sholes,* for appellant. *Smith & Nellis,* for respondents.

MARTIN, J. The purpose of this action was to set aside a bond and mortgage executed and delivered by the plaintiff to the defendant Blunck, and by him transferred to the Johnstown Bank. The ground upon which the action was sought to be maintained was that the bond and mortgage were obtained by the fraud of the defendant Blunck. The plaintiff alleged in her complaint that the defendant Blunck, with the preconceived design to cheat and defraud the plaintiff and her husband, made certain representations, which were set out and specified in the complaint; that, relying upon such representations, her husband entered into an agreement to purchase and purchased of the defendant Blunck 27 shares of the stock of the Chatham Publishing Company, and gave therefor his note for $2,500; that the plaintiff, relying upon such representations, joined with her husband in making and delivering the bond and mortgage in question to the defendant Blunck, as collateral security for the payment of her husband's note, which he gave for the purchase price of such stock; that such representations were false and untrue, and known by the said defendant to be wholly false and untrue. The defendants denied the allegations of fraud. The principal question litigated on the trial was whether the defendant Blunck was guilty of the acts of fraud alleged, or any of them. The learned trial judge found "that the statements and representations made by the defendant Blunck to the defendant Roberts, in relation to the property of the Chatham Publishing Company, and as to its condition, and relative to the number of subscribers on said subscription list to the said newspaper, were in all material particulars true; and that there was no fraud or concealment perpetrated or practiced by the defendant Blunck on the defendant Roberts by which he was influenced or induced to purchase said twenty-seven shares of stock, nor was any fraud perpetrated upon the plaintiff by said defendant Blunck, by which she was influenced or induced to execute and deliver said bond and mortgage as collateral security for the payment of said note for twenty-five hundred dollars given by her husband to Blunck for the purchase price of said stock." An examination of the evidence contained in the appeal-book discloses that it was such as to fully justify the finding of the court that the defendant Blunck was guilty of no fraud which induced the purchase of the stock in question, or the execution and delivery of the mort-

gage sought to be set aside, and that it was sufficient to sustain the judgment awarded. Our attention is called to numerous exceptions taken by the plaintiff to the rulings of the court upon the reception or rejection of evidence. These exceptions relate to the exclusion of evidence which might have borne to some extent upon the question of the value of the stock of the Chatham Publishing Company, and to certain findings made by the court, and refusals by the court to find as requested by the plaintiff. We have examined each of these exceptions, but have found none that would justify us in disturbing the judgment. If, as we have held, the court was justified in finding that there was no fraud in the transaction which induced the giving of the bond and mortgage sought to be set aside, it is quite obvious that the rulings complained of were harmless, as they could have in no way changed the result, and therefore furnish no ground for reversal. *Bank* v. *Dearborn*, 20 N. Y. 244, 246; *Bronson* v. *Tuthill*, *42 N. Y. 32; *In re New York Cent. & H. R. R. Co.*, 90 N. Y. 342.

This leaves for consideration the propriety of the order denying the plaintiff's motion for a new trial on the ground of newly-discovered evidence. To constitute a case for a new trial on that ground, it must appear that the evidence has been discovered since the trial, that it could not have been obtained upon the former trial by exercise of reasonable diligence, that the evidence is material to an issue involving the merits of the case, is not cumulative, and is so decisive in its character that there is a reasonable certainty that on another trial it would change the result. An examination of the affidavits read on this motion shows that they fell far short of these requirements. Moreover, affidavits of the newly-discovered witnesses, as, to what they will testify, were not produced. On such a motion, there should be an affidavit of the witnesses who will give the new evidence that they are ready to swear to the facts claimed to be newly discovered. *Adams* v. *Bush*, 1 Abb. Dec. 7. An affidavit that the witnesses told the party that they would so swear is not sufficient. *Shumway* v. *Fowler*, 4 Johns. 425. Judgment and order affirmed, with costs. All concur.