### KANTER v. RUBIN.

*(City Court of New York, General Term.* March 10, 1892.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—SURPRISE.

On a motion for a new trial on the ground of surprise and newly-discovered evidence, the evidence relied on was merely contradictory of witnesses on a point litigated at the trial, was satisfactorily rebutted by answering affidavit, and was not such as would probably change the result. *Held,* that the motion was properly denied.

Appeal from special term.

Action by Joseph Kanter against David Rubin. From an order denying a motion for a new trial defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

*Morris Goodhart,* for appellant. *Jacob Manheim,* for respondent.

VAN WYCK, J. This action was to recover damages for the breach of a contract of employment for the term of one year from June 10, 1889, on the ground of the unjustifiable discharge of plaintiff on the 2d of November following. The defenses were that plaintiff voluntarily left the employment, and an effort to prove plaintiff's subsequent earnings in diminution of his damages, and as to both of which the jury found against defendant, except as to $5.50, which plaintiff admitted he had earned for driving an express wagon for three days. On the trial plaintiff testified that he had not been employed but for the three days, and upon cross-examination he adhered to this statement, and was cross-examined as to whether he had been engaged in the express business other than as a driver for these three days. And the defendant, his wife, his son Jacob, and his daughter Esther all testified that plaintiff was engaged in the express business after he left defendant's employment. And so it clearly appears that the questions as to who had terminated the employment, and as to what amount plaintiff had thereafter earned from the express business or otherwise, were within the issues litigated on the trial, and determined adversely to defendant by the jury. The defendant, as all defeated parties are, was surprised at the verdict, and moved on affidavits for a new trial on the ground of surprise and newly-discovered evidence. Now, as to these affidavits. In one the affiant states that he was in partnership with plaintiff in the express business for several months, and that they made eight or ten dollars per week, although he admits that the license to conduct the business was taken out in his name. The defendant, in his answering affidavit, denies this copartnership, and presents his denial in minute detail, and with more weight than the alleged partner affirms to the contrary. In another, the inspector of the Second-Avenue Railroad Company deposes that his company paid the plaintiff $20 for damages caused to a wagon by one of his company's cars, and, as to this, plaintiff deposes that the wagon was damaged while in his charge; that the owner, his employer, said that he would hold him (plaintiff) responsible; that he went to the company, collected the amount of the damages, and turned it over to his employer; and in another the affiant says that plaintiff told him that he was engaged in the express business, and also that he had worked in a sugar factory at $10 a week, all of which plaintiff in his answering affidavit denies, and deposes affirmatively that he never worked in a sugar factory or was engaged in the express

business. As already stated, the question whether or not the plaintiff was engaged in the express business, and had by earnings therefrom or otherwise diminished his damages, was at issue and litigated on the trial; and, moreover, reading the affidavits used on the motion in conjunction with the evidence given on the trial, the conviction must be reached that a new trial would lead to the same result. Applying to these affiavits the familiar rules applicable to new trials for newly-discovered evidence, it is clear that the motion for a new trial was properly denied. These rules are, the evidence must be discovered since the trial; it must appear that it could not have been obtained on the trial by the exercise of reasonable diligence; it must be material to the issues; it is not sufficient if it merely tends to impeach witnesses; it must not be cumulative; it must also be reasonably certain that a new trial will change the result. Order appealed from affirmed, with costs. All concur.