### WILLIAMS *v.* CLEMENTS.

*(Supreme Court, General Term, Third Department. July 2, 1892.*

1. REVIEW ON APPEAL—OBJECTIONS NOT MADE BELOW.
   The objection that a claim against a decedent is barred by the statute of limitations must be presented and determined during the trial.
2. LIMITATIONS—WHEN ACTION ACCRUES.
   Where one holds a fund in trust under a promise to provide by will for its repayment, and the owner does not demand it during the trustee's life, no cause of ac-

tion accrues till the trustee's death; and in an action by the owner against the trustee's executors the presumption of payment from lapse of time does not arise.

3. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In such an action, evidence of plaintiff as to money sent by him to deceased is inadmissible.

4. ADMISSION OF EVIDENCE—HARMLESS ERROR.

The erroneous admission of evidence which did not change the result is not ground for reversal.

Appeal from judgment on report of referee.

Action by Henry H. Williams against Isaac R. Clements, executor of Henry Williams, deceased, on a disputed claim against the estate of deceased. From a judgment for plaintiff, entered on an order confirming the report of a referee, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Daniel Finn,* for appellant. *E. H. Pinney,* (*T. F. Bush,* of counsel,) for respondent.

MAYHAM, P. J. The referee finds that the plaintiff, while a soldier in the field, during the war of the Rebellion sent to the testator, from time to time, money received by him to the amount of about $400, and that the testator in his lifetime returned to the plaintiff $100 of the same. That the money was sent by plaintiff, and was received by the testator in trust for the plaintiff until he wanted the same; and that testator retained the same, and was holding it in trust for the plaintiff at the time of his decease. That in the lifetime of the testator, and while he was so holding the money in trust for the plaintiff, he promised and agreed with plaintiff to make provisions in his last will and testament for the payment of the same, but failed to do so. The case shows that the testator, in and by his last will, bequeathed to the plaintiff $100. The plaintiff presented to the defendant, as executor of the deceased, a verified claim against the estate of deceased for $300, with interest from August 1, 1865, amounting, principal and interest, to the sum of $768. The executor disputed and rejected the claim, and the disputed claim was duly referred under the statute, with the approval of the surrogate. The referee, after a trial, reported in favor of the plaintiff for the sum of $300, and interest on that sum from August 1, 1865, amounting in all to the sum of $787, for which he directed judgment. There was some conflict in the evidence offered by the defendant tending to show that the testator had paid plaintiff this money in his lifetime, but this evidence was met by evidence of declarations and admissions of testator not long before his death that he owed the plaintiff.

On the whole case, we think the evidence justified the finding of the referee as to the receipt of the money, and also that the same remained unpaid by the testator at the time of his death. The appellant insists that the claim presented, disputed, and referred is not the one litigated before the referee, and that the claim as presented was barred by the statute of limitations; but no objection was made at the time the claim was presented, or at any time on the trial, that the claim was barred by the statute, and, as the claim presented was one of present indebtedness, that question was one to be determined on the trial. On the trial it was insisted not that the claim was barred by the statute of limitations, but that the common-law presumption of payment attached. The technical bar of the statute of limitations does not seem to have been relied upon before the referee, but the fund in the hands of testator seems to have been treated by the parties as a trust, and the presumption of payment from lapse of time been relied upon. That presumption may always be overcome by evidence, and the question whether, in a given case, it has been overcome, is a question of fact when there is evidence offered to rebut such presumption. In this case the plaintiff seeks to overcome the presumption of payment by proof that a short time before the death of the testator, and at

various other times, he admitted that he held this money to keep for the plaintiff, and that he had told the plaintiff that he would make provisions for its payment in his will. If such arrangements existed between the plaintiff and testator, then the money could not have been recovered by the plaintiff in the lifetime of the testator without first making a demand, and, as no demand was proved, the money never became due in the lifetime of testator, so that the statute of limitations would run against the claim, and if, by the voluntary act and agreement of the trustee and *cestui que trust*, payment was postponed until the death of the testator, then the common-law presumption of payment would be rebutted, and the demand would still be a valid, subsisting demand. The evidence in this case on the part of the plaintiff supports this theory, and, although it was contradicted on the part of the defendant, the disputed question of fact was one for the referee, whose determination in this case is not wholly unsupported by evidence, and cannot, on this appeal, be disregarded or set aside. This was not a trust created by operation of law, but created by agreement of parties; and no presumption can be relied upon to overthrow this conventional agreement of the parties. *Purdy* v. *Sistare*, 2 Hun, 126. But the case shows that the testator agreed to account for and satisfy this trust fund by a provision in favor of the plaintiff in his will; and as, by the terms of his will, he bequeathed to the plaintiff $100, we think that amount should have been deducted from the amount found due to the plaintiff.

It is also insisted by the defendant that the referee should have allowed a claim made by him on the hearing for the support of plaintiff's child by the testator. There is nothing in the case showing that the testator ever contemplated making any such charge, but, on the contrary, it appears that the child was taken and kept by him at the solicitation of his wife; and it is manifest, in the absence of any express agreement to the contrary, that testator intended to and did stand in *loco parentis* to this child, without any intention or expectation of charging its father for its support, and we think that the law, under such circumstances, raised no implied promise on the part of the father to pay for such support.

It is also urged that the evidence given by plaintiff relating to his sending of money to William J. Harding was error. It is difficult to see upon principle or rules of evidence how this testimony can be competent. If it be regarded as a communication with a third person, not a party to the action, it was incompetent as hearsay, and the declaration of a party in his own favor; if a communication between the parties to the action, then it is clearly subject to the objection made to it under Code, § 829. But this evidence relates chiefly to the amount of money sent by plaintiff to Harding, to be delivered to testator, and that fact was fully proved by other competent evidence, with which the report of the referee fully agrees. This evidence, therefore, could not change the result, and was not followed by the referee; and this court can therefore see that no harm was done to the defendant by its reception. *Roberts* v. *Bank*, 14 N. Y. Supp. 432; *Bank* v. *Dearborn*, 20 N. Y. 246; *In re Railroad Co.*, 90 N. Y. 342. Again, the objection to this evidence was too general to raise the question that it was hearsay, and we do not think that it tended to prove a personal transaction. It was primarily a transaction between plaintiff and Harding, and not one between plaintiff and defendant. *Halcomb* v. *Halcomb*, 95 N. Y. 316. We think it was error not to deduct the $100 bequeathed in the testator's will to plaintiff, and the judgment must for that reason be reversed, and a new trial ordered, costs to abide the event, unless the plaintiff will stipulate to deduct $100 and interest on that amount from the time of the probate of the will. If that is done, the judgment must be affirmed, but without costs of this appeal in favor of either party as against the other. Code Civil Proc. § 1317; *Wolstenholme* v. *Manufacturing Co.*, 64 N. Y. 272; *Hayden* v. *Sewing Machine Co.*, 54 N. Y. 221.

Order to be entered in accordance with above conclusion. All concur.