GARVEY v. UNITED STATES HORSE & CATTLE SHOW.

(City Court of New York, General Term.   April 14, 1893.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

In an action for labor performed and material furnished, where the cause was tried solely on the issue whether the right of action was in plaintiff or in a partnership of which he was an alleged member, a new trial should not be granted, after a verdict in defendant's favor, on the ground of newly-discovered evidence impeaching defendant's witnesses who testified to the existence of the partnership relation, in the absence of any showing that such evidence could not have been obtained at the trial by the exercise of reasonable diligence.

Appeal from trial term.

Action by James Garvey against the United States Horse & Cattle Show for labor performed for and material furnished to defendant. From a judgment entered on a verdict in defendant's favor, and from an order denying motion for a new trial on the ground of newly-discovered evidence, plaintiff appeals. Affirmed.

Argued before McGOWN and VAN WYCK, JJ.

J. Baldwin Hands, for appellant.
Samuel Hoff, for respondent.

VAN WYCK, J.   These two appeals will be considered and disposed of together. First, as to the appeal from the judgment. The fourth paragraph of the answer sets up as a separate defense that the cause of action, if any, accrued in favor of the copartnership firm of Garvey & Campbell, composed of the plaintiff and one William F. Campbell. The plaintiff unreservedly accepted this challenge of the answer, and the record shows that the cause was tried almost solely upon this issue as to whether the cause of action could be maintained by the plaintiff alone. The bill against the defendant for the labor performed and the materials furnished, and for the recovery of which this action was brought, was made out, with plaintiff's consent, in the name of Garvey & Campbell. The defendant's check of $1,130 as payment on account of this bill is drawn to the order of Garvey & Campbell, and is indorsed, first, "Garvey & Campbell," and then "James Garvey," (the plaintiff.)   William F. Campbell testifies unqualifiedly that the labor and materials were furnished to the defendant by a copartnership firm composed of himself and the plaintiff. It is enough to say that the evidence going to prove that the copartnership existed, and that the labor and materials were furnished to defendant by such copartnership was overwhelming, and hence the verdict for the defendant was eminently proper.

Now, as to the appeal from the order denying a motion for new trial on the ground of newly-discovered evidence. The plaintiff's affidavit upon this motion states: "Since the former trial of this action I have discovered that Lawrence Garvey, Thomas A. Garvey, James Flanagan, and William Turner can give evidence upon the trial of this cause that will establish that there was no partnership between said Campbell and myself in doing said work. I have been informed by said persons, which information I believe to be true,

that said Campbell admitted to them that there was no such copartnership." The affidavits of Thomas A. and Lawrence Garvey, both of whom are the brothers of the plaintiff, and were employed upon the work in question, were submitted on the motion, but no affidavits of Flanagan and Turner were presented, because, as stated, they refused to make any. Lawrence Garvey's affidavit says: "Campbell was not a partner of the plaintiff in performing said work, and I know this from conversations I have had with said Campbell and the plaintiff." The affidavit of Thomas E. Garvey, who was present at the trial and was called as a witness on behalf of the plaintiff, says: "I have very frequently seen and conversed with said Campbell about said work, and I never heard him claim or state that there was a partnership until the trial of this action." The plaintiff's affidavit says: "The said James Flanagan and William Turner refuse to make affidavits of the facts to which they will testify." Affidavits of the witnesses who are to testify on a new trial must be submitted, (Adams v. Bush, 1 Abb. Dec. 7,) and can be forced from such witnesses under section 885 of the Code. Applying to the affidavits submitted the familiar rules applicable to motions for new trials on newly-discovered evidence, the conclusion is forced that the motion for a new trial was properly denied by the court at special term. These rules are: The evidence must be discovered since the trial; it must appear that it could not have been obtained on the trial by the exercise of reasonable diligence; it must be material to the issues; it is not sufficient if it merely tends to impeach witnesses; it must not be cumulative; it must also be reasonably certain that a new trial will change the result. Kanter v. Rubin, (City Ct. N. Y.) 18 N. Y. Supp. 168. The judgment is affirmed, with costs, and the order is affirmed, with costs.