(4 Misc. Rep. 142.)

REED v. ZIMMERMAN.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    The general term of the court of common pleas, on appeal from a judgment of the general term of the New York city court affirming a judgment of the trial court rendered on conflicting evidence, cannot consider the weight of the evidence.

2. EVIDENCE—EXCLUDING MEMORANDA—HARMLESS ERROR.
    Where, after a refusal to direct the production, for inspection by defendant, of memoranda from which plaintiff read while testifying, the memoranda were produced, and plaintiff cross-examined in relation thereto, the error in the ruling, if any, was harmless.

Appeal from city court, general term.

Action by Charles G. S. Reed against Henry C. Zimmerman to recover a balance due on account for money loaned. A judgment for plaintiff entered on the report of a referee was affirmed at general term of the city court, (20 N. Y. Supp. 665,) and defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

McMahon & Handley, (Denis McMahon, of counsel,) for appellant. Henry Hartman, (Millard C. Ernsberger, of counsel,) for respondent.

BISCHOFF, J. On the trial the controversy between the parties to this action was reduced substantially to the question whether or not defendant was entitled to be credited with the amounts of

three several checks,—$135, $140, and $159.75,—and cash $100.05, aggregating $534.80, in payment on account of his indebtedness to plaintiff. Defendant maintained that these several items were by him applied in payment of the indebtedness, while plaintiff contended that they had reference to matters not connected with the subject-matter of the action. On defendant rested the burden of proving his defense of payment, and no evidence appears in the record bearing upon the dispute other than the conflicting testimony of the parties, respectively. In such a case there is nothing which we may review, as we are precluded from consideration of the weight of the evidence by the judgment of the general term of the court below. Arnstein v. Haulenbeek, (Com. Pl. N. Y.) 11 N. Y. Supp. 701; Bank v. Cornes, (N. Y. App.) 8 N. E Rep. 42.

Defendant's exceptions concerning the memoranda from which plaintiff read while testifying were confined to the referee's refusal to direct the production of the memoranda for inspection by defendant's counsel. The record, however, shows that the memoranda were produced and inspected by defendant's counsel after the referee's ruling was had, and that plaintiff was cross-examined respecting their contents. Under the circumstances, the error of the referee's refusal, assuming it to have been such, was harmless, and the exceptions therefore afford no ground for reversal. Bank v. Dearborn, 20 N. Y. 244; Phillips v. Richardson, (Com. Pl. N. Y.) 12 N. Y. Supp. 282. Furthermore, the error was waived. Crosby v. Day, 81 N. Y. 242; Neil v. Thorn, 88 N. Y. 270, 277.

The judgment should be affirmed, with costs. All concur.