DENNY et al. v. BLUMENTHAL et al.

(City Court of New York, General Term.   May 18, 1894.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

>   A new trial will not be granted on the ground of newly-discovered evidence, where the affidavits of the proposed witnesses are not submitted on the motion, and the witnesses are not named.

Appeal from special term.

Action by William I. Denny and others against Levi Blumenthal and others.   From an order denying a motion by defendant Blumenthal for a new trial and for permission to surrender one Harris, for whom he had become bail, and serve amended answer, said defendant appeals.   Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

David Leventritt, for appellant.
Chas. G. H. Wahle, for respondents.

VAN WYCK, J.   Appellant's motion below was for a new trial on the ground of surprise and newly-discovered evidence, and for permission to surrender one Harris, the person for whom he and his cosurety had become bail, and to serve an amended answer setting up such surrender in exoneration of bail, and that the plaintiffs had improperly caused the sheriff to return the executions issued against the property and body of such person under the judgment obtained by them for a debt fraudulently contracted by him, and in which action the undertaking here sued upon was executed by these defendants to secure the release from the custody of the sheriff of such person; and his motion was denied by the order appealed from, and in order to properly consider this appeal it is necessary to give a short history of the action.   After these plaintiffs had obtained judgment in the original action against Harris, for whom these defendants became bail, and the executions against his property and body were returned "Unsatisfied" and "Not found," they began this action against the bail in July, 1893, by complaint alleging the necessary facts, to which defendants answered, denying the issuing and return of the executions against Harris, and affirmatively alleging that when the execution was issued against his body "he was, has ever since been, and is now, within the jurisdiction, and that the sheriff made no effort to apprehend him."   If there was any truth in their plea that he was then within the jurisdiction, they should have surrendered him in exoneration of bail, before answering, under section 591 of the Code.   And again, when their attention was called to the weakness of their affirmative plea as a defense against these plaintiffs, on the argument of the motion made by plaintiffs at special term for judgment on the answer as frivolous, they failed to ask the court for permission to so surrender the bail after the service of the answer.   That motion, of course, was denied, as the answer was not frivolous, because it put at issue material allegations

of the complaint, to wit, the issue and return of the executions. They did not seek such permission to surrender their bail, nor to amend their answer, and the plaintiffs were forced to trial to make proof of their material allegations which were denied by the answer; and such trial was had in October, 1893, on which these defendants appeared and defended, and which resulted in a verdict and judgment against them. So, for the second time in court they had been informed that their affirmative plea of the presence of the principal debtor within the jurisdiction during the life of the execution against his body might give them cause of action against the sheriff, but was no defense as against these plaintiffs. Why did they not then apply to the court for leave to surrender in exoneration of bail? Because, notwithstanding that they had been twice informed in court that their affirmative plea was insufficient in law, they still doubted the correctness of such information, and appealed from the judgment, and stipulated in writing to argue such appeal at the December general term, but defaulted, and their appeal was dismissed, with costs. This default, on their application, was opened at the January general term, upon terms with which they never complied, but instead served notice of withdrawal of appeal and stipulation to pay costs of same, and they have not paid the costs because their attorney differs, with plaintiffs' attorney as to the amount. Then, in February last, came this motion by defendant Blumenthal for a new trial on the ground of surprise and newly-discovered evidence, and for leave to surrender in exoneration of bail, and serve amended answer, setting up surrender, and the improper interference by plaintiffs with the return of the executions. There was no surprise as to Harris' presence within the jurisdiction, for defendants so alleged in their original answer, and this certainly is not newly-discovered evidence. Nor is any excuse offered for not surrendering him before answer, or after answer and before judgment, or after judgment and before appeal, except that they assumed to know the law, and that the court did not; and the able counsel who now represents them (but did not then) asks that it be adjudicated that this is a worthy and meritorious excuse, calling for a reversal of the order made below denying their application. Now, as to the newly-discovered evidence that plaintiffs improperly requested the sheriff to return the executions before the day named for return of same, the defendant Blumenthal avers that he is credibly informed, and verily believes, that plaintiffs so requested the sheriff. But he does not state by whom he was credibly informed, nor what are the facts which lead him to verily believe, and the inevitable inference is that no one so informed him, and that there are no such facts; and, moreover, the plaintiffs' attorney and the deputy sheriff and his assistant who had the execution of these writs in charge, aver on knowledge that there was such interference. The rule is that the affidavits of the witnesses who are to testify as to the newly-discovered evidence must be submitted on the motion for new trial, and can be forced from such witnesses under section 885 of the Code. Garvey v. Cattle Show (City Ct. N. Y.) 22 N. Y. Supp. 929. No such affidavits are submitted, and no such witnesses are named. The de-

nial of defendant's application to the favor of the court was eminently proper, and, if it had been granted, it would have met reversal here.   Order affirmed, with costs.   All concur.