In the Matter of the Judicial Settlement of the Accounts of LOUIS COHEN and Another, as Administrators, etc., of MARGARET MAYER, Deceased.

LOUIS COHEN and Another, as Administrators, etc., Appellants; CHARLES MAYER, an Infant, by Special Guardian, Respondent.

*Affidavit upon a motion for a new trial on the ground of newly-discovered evidence — by whom it must be made — what must be shown therein — contract between client and attorney.*

A motion for a new trial because of newly-discovered evidence must be founded on the affidavits of the newly-discovered witnesses, unless it be shown that their affidavits cannot be obtained, and such affidavits must disclose the facts to which the newly-discovered witnesses will testify, it not being sufficient to state that they would "corroborate and substantiate the testimony" given by a certain witness.

A contract made by an attorney with an heir at law or next of kin of a decedent, by which he is to receive for his services a large share of his client's interest in the

estate, is always regarded with suspicion, and if the attorney seeks to enforce it the burden is upon him to show that the contract is fair and just and that his client acted understandingly and with full knowledge of all the facts connected with the transaction.

APPEAL by Louis Cohen and another, as administrators, etc., of Margaret Mayer, deceased, and by Louis Cohen, individually, from an order of the Surrogate's Court of the county of New York, entered in the New York County Surrogate's Court on the 16th day of June, 1894, denying the appellants' motion for a new trial of the claim of the appellant Louis Cohen against the estate of Margaret Mayer, deceased.

February 8, 1892, Bridget Neary died intestate, and June 16, 1892, letters of administration were issued to Margaret Mayer and Louis Cohen on her estate, which amounted to $4,663 45. On the 16th of February, 1893, Louis Cohen, as surviving administrator, had a judicial settlement of his accounts in the Surrogate's Court, and he was allowed for commissions.................... $141 59
For moneys disbursed in settling the estate .............   393 40

    Total ......................................   $534 99

There was left for final distribution among the next of kin $3,840.45, one-third of which — $1,280.15 — was distributed to Louis Cohen and Charles Mayer, as administrators of Margaret Mayer, $1,280.15 to Ellen Convannon, and $1,280.15 to Mary Ryan, the next of kin of the intestate.

July 8, 1892, Margaret Mayer died intestate, leaving Charles Mayer, her husband, and Charles Mayer, Jr., their infant son, her only heirs and next of kin. September 30, 1892, letters of administration were granted to Charles Mayer, Sr., and Louis Cohen on her estate, which amounted to $1,636.35. October 12, 1893, the administrators of Margaret Mayer filed a petition for the judicial settlement of their accounts, and on the same day a citation was issued, returnable October 31, 1893, which was duly served October 21, 1893, on Charles Mayer, Jr., an infant, of the age of eleven years. November 3, 1893, Luis James Phelps was duly appointed by the Surrogate's Court the special guardian of said infant in said proceedings. On the final accounting Cohen presented the following account against the estate of Margaret Mayer:

FIRST DEPARTMENT, FEBRUARY TERM, 1895.　　　　[Vol. 84.

"NEW YORK, *February* 11, 1893.

" Administrators of Estate of MARGARET MAYER, Dec'd,

　　　　" To LOUIS COHEN, Counsellor at Law, 176 Broadway :

" To professional services rendered *In the Matter of Bridget Neary, Deceased,* as per Special Contract... $1,200 00

　　　　　　　　　　　　　*Or.*

" By costs, disbursements, commissions and disbursements in estate of Bridget Neary.................. 534 99

　　" Balance ............................... $665 01

" I hereby approve of the foregoing bill.

" N. Y., *Feb.* 11*th*, 1893.　　　　CHARLES MAYER."

This claim was duly verified and was admitted to be just by Charles Mayer, the co-administrator, but the validity was contested by the special guardian, and, after a trial before the surrogate, it was disallowed. To support the claim Cohen called Charles Mayer, who testified :

" By MR. COHEN.— I knew Margaret Mayer ; she was related to me ; she was my wife ; she died July 8th, 1892 ; she left no will; I knew Bridget Neary in her lifetime ; she was related to my wife, her cousin ; Bridget Neary died February 8th, 1892 ; she left no last will and testament ; I recollect of my wife's calling at Mr. Cohen's residence and consulting with him concerning the affairs of the estate of Bridget Neary ; it was on a Sunday, immediately after the death of Mrs. Neary and before she was buried ; I recollect what that conversation was ; it was an agreement of $1,200 that Mr. Cohen was to receive out of the estate of Bridget Neary for services he was to render for that estate ; there was something said in reference to the disbursements connected with the estate ; Mr. Cohen was to attend to all claims ; Mr. Cohen was to receive $1,200 for his services connected with that estate. My wife did not pay the $1,200 during her lifetime. Q. Do you know what amount of money, if any, was paid on account of the agreement? A. None at all ; there was something paid in the shape of costs and disbursements, over $500."

No other evidence was given tending to support the claim, and the Surrogate's Court refused to find, as a matter of fact, that the

claim was established. Afterwards the claimant moved for a rehearing to enable him to produce additional evidence in support of the claim. In the affidavit upon which the motion was founded he testified : " I called the matter to the attention of Mr. Sigmund Feuchtwanger, an attorney and counsellor at law, and, in the course of said conversation had concerning the disposition made by the surrogate concerning said claim, he called my attention to the fact of his having heard the conversation between the above-named intestate and myself concerning the special contract which is the subject-matter of my said claim, and that he is ready and willing to corroborate and substantiate the testimony given by the husband of the above-named intestate, which he has read, and the reason that his testimony has not been heretofore offered was, first, upon the ground heretofore stated, that I was misled by the form of the objection raised by the special guardian ; and, second, that I did not recollect the occurrence of his being present at the time that the original contract entered into between the above-named intestate and myself was consummated."

The Surrogate's Court refused to grant a rehearing, and from the order denying the application Cohen, individually, and the administrators appeal.

*Louis Cohen*, claimant and attorney in person.

*Luis James Phelps*, special guardian for Charles Mayer, an infant, respondent.

FOLLETT, J. :

The order denying the motion for a rehearing is sustainable on four grounds: (1) It has long been the rule in this State that a motion for a new trial, because of newly-discovered evidence, must be founded on the affidavits of the newly-discovered witnesses, unless it is shown that they cannot be obtained. (*Adams* v. *Bush*, 1 Abb. Ct. App. Dec. 7; S. C., 2 Abb. Pr. [N. S.] 104; *Denn* v. *Morrell*, 1 Hall, 382; *Roberts* v. *The Johnstown Bank*, 38 N. Y. St. Repr. 563; S. C., 14 N. Y. Supp. 432; *Matter of Collins*, 6 Dem. 286; *Gould* v. *Moore*, 8 J. & S. 387; *Garvey* v. *U. S. Horse & Cattle Show*, 3 Misc. Rep. 352 ; *Denny* v. *Blumenthal*, 8 id. 544; Baylies' N. T. & App. 528; 2 Rumsey's Pr. 414.) The affidavit of

Mr. Feuchtwanger was not produced, nor was its absence explained. (2) Apart from this, had Feuchtwanger's affidavit been presented stating that he would " corroborate and substantiate the testimony" given by Charles Mayer, it would have been insufficient. Such an affidavit must disclose the facts the witness will testify to. (3) A contract made by an attorney with an heir or next of kin, by which he is to receive for his services a large share of his client's interest in an estate, is always regarded with suspicion, and, if the attorney seeks to enforce it, the burden is on him to show that the contract was fair and just, and that his client acted understandingly and with full knowledge of all the facts connected with the transaction. (*Ford* v. *Harrington,* 16 N. Y. 285; *Evans* v. *Ellis,* 5 Den. 640; *Haight* v. *Moore,* 5 J. & S. 161; *Mason* v. *Ring,* 3 Abb. Ct. App. Dec. 210.) It appears from the record that the share of Mrs. Mayer in the estate of Miss Neary exceeded but by a few dollars the amount which the claimant alleges she contracted to pay for his services in securing that interest. The claimant presented no evidence before the surrogate that his services in the settlement in the Neary estate were worth the sum of $1,200, or any sum beyond the allowance made to him by the surrogate on the settlement of that estate. (4) The evidence of Charles Mayer is insufficient to create a personal liability against Mrs. Mayer. Her agreement was that Mr. Cohen was to receive $1,200 out of the estate of Bridget Neary for the services he was to render for that estate.

The order should be affirmed, with costs against the appellants personally.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with costs against the appellants personally.