(17 App. Div. 127.)

CAMERON et al. v. LEONARD et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    A new trial will not be granted because of newly-discovered evidence
    where the new evidence is merely corroborative of the evidence given on the
    trial.

Appeal from special term, Albany county.

Action by Edward M. Cameron and Orra G. Hawn against Jesse H. Leonard and others, to foreclose a mechanic's lien. From an order granting a motion by defendants Jesse H. Leonard and Jacob Leonard for a new trial, made on the ground of newly-discovered evidence, plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Ward & Cameron, for appellants.
Mead & Hatt, for respondents.

PARKER, P. J. On the trial of this action the plaintiff sought to foreclose a mechanic's lien for the sum of $342.71, which he claimed to be the balance due him for lumber and other materials furnished to the defendants. The defendants claimed that on December 29, 1893, they paid to the plaintiff the sum of $256, in full of his demand. The defendant Jacob Leonard, his son Jesse, and two young women, the stenographers in his office, all testified that the plaintiff received such sum of $256 in full satisfaction of his claim. But the evidence was very satisfactory that the actual amount then due to the plaintiff was $598.71; and the referee was not able to credit the statement that the plaintiff then accepted $256 in full payment of that amount, and went away satisfied. On an appeal this court refused to disturb the finding of the referee. 42 N. Y. Supp. 73. Thereupon the defendants moved at special term for a new trial, on the ground of newly-discovered evidence, and procured the order from which this appeal is taken. That order is granted upon the affidavit of one Madline, that he happened into the defendants' office on December 29, 1893, when the $256 was paid, and heard plaintiff say that he would take that amount in settlement of his account. The case presented, therefore, is that upon the new trial there would be five instead of four witnesses against the plaintiff, upon the question whether he accepted the $256 in full payment of his claim. This additional witness adds little or no strength to the defendants' claim. It does not make their story any more reasonable. It does not at all explain why plaintiff would be willing to accept $256 for a plain claim of $598.71, or why, if defendants had procured such a favorable settlement, they did not take a receipt for the same, or at least express in the draft then given that it was in full of all demands. It does not explain away any of the several features about the transaction, as narrated by defendants, which tend to discredit their story. It merely adds one more witness to an alleged fact already sworn to by four. Moreover, it appears from the opposing affidavits that when

the witness Madline was confronted by the plaintiff, after he had made the affidavit in question, he did not recognize him, and then stated that the man he saw at defendants' was an older man. It also appears from the affidavits of four persons, used upon this motion at the special term, that this man Madline is a drunken and worthless vagabond, and that they would not believe him under oath. I am entirely satisfied that the evidence of this witness would not and should not change the conclusion which the referee reached upon the trial of the case. Such evidence is neither of the character nor cogency requisite to sustain an order granting a new trial. Roberts v. Bank (Sup.) 14 N. Y. Supp. 432; O'Harra v. Railroad Co., 92 Hun, 56, 36 N. Y. Supp. 567.

The order therefore should be reversed, with $10 costs and disbursements. All concur.