place of purchase and price of the goods, does not bear evidence of intended fraud, and the verdict of the jury has conclusively disposed of this contention.

We do not find reversible error. The case appears to have been disposed of under conditions which were more favorable to the defendant than it had a right to expect under its pleadings. The judgment and order appealed from should be affirmed, with costs. All concur.

---

(86 App. Div. 331.)

CHEEVER v. SCOTTISH UNION & NAT. INS. CO. OF EDINBURGH.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MOVING PAPERS.
   Failure of the moving papers for a new trial to contain affidavits of the newly discovered witnesses that they are ready to swear to the facts claimed to be newly discovered, or to offer excuse for their absence, is a sufficient reason for denying a new trial.

2. SAME—CUMULATIVE EVIDENCE.
   One is not entitled to a new trial on newly discovered evidence which is merely cumulative on the point of fraud, merely because in another case involving the same facts, in which the evidence was admitted, there was a smaller verdict in proportion to the amount involved.

Appeal from Trial Term, Nassau County.

Action by Josephine A. Cheever against the Scottish Union & National Insurance Company of Edinburgh. From an order denying a motion for a new trial on the ground of newly discovered evidence, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Donald McLean, for appellant.
Hugo Wintner, for respondent.

WOODWARD, J. A sufficient reason for affirming the order denying defendant's motion for a new trial upon the ground of newly discovered evidence is found in the fact that the moving papers do not contain the affidavits of the newly discovered witnesses, nor offer any excuse for their absence. The rule of practice is well established that motions of this character must be founded on the affidavits of the newly discovered witnesses that they are ready to swear to the facts claimed to be newly discovered, or showing that such affidavits cannot be obtained. Matter of Cohen, 84 Hun, 586, 589, 32 N. Y. Supp. 851, and authorities there cited. In the case before us there is an affidavit of an attorney that in another case certain witnesses testified to facts which resulted in a verdict of a jury different from that in the case at bar, although both actions related to the same property, and an assistant testifies that the evidence, as taken from the minutes of the other trial, was as set forth in the record. There is no excuse given for the fact that the alleged new witnesses do not make affidavits; there is no declaration that these alleged new witnesses are living and will be called on a new trial, or that they would

¶ 1. See New Trial, vol. 37, Cent. Dig. § 307.

testify the same in this action as in the one where this testimony was previously given.  More than this, the case at bar was tried upon the theory of fraud, and the newly discovered evidence is merely cumulative upon this point, and it is urged only that upon the other trial it resulted in producing a less verdict, in proportion to the amount involved, than in the case at bar.  We are of opinion that there is no reason for granting a new trial in this case, and that the moving papers do not warrant an interference here with the sound discretion exercised by the court at trial term.

The order appealed from should be affirmed, with costs.  All concur.