HELENA F. COLLINS, Plaintiff, *v.* CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., and Another, as Executors, etc., of J. RAYMOND KELLY, Deceased, Defendants.

Supreme Court, Monroe County, November 4, 1929.

*Fowler & Wegner* [*H. H. Cohen* of counsel], for the plaintiff.

*Castle & Fitch* [*Bowman & Van Schaick* of counsel], for the defendants.

RODENBECK, J. This is a motion for a new trial upon newly-discovered evidence. There are certain well-established rules that must be complied with on a motion of this kind. One of these

is that the evidence must have been discovered since the trial. If the party making the motion knew of the existence of the evidence at the time of the trial, it was his duty to present it. He cannot hold back the evidence, and then make a motion for a new trial on the ground of the discovery of such evidence, nor can he try his case upon one theory, and, having been defeated upon that theory, ask to have his complaint or answer amended so that he may be permitted to try his case upon another theory, unless there is substantial evidence which he will be able to present upon a new trial and his application conforms to the rules governing motions for a new trial upon newly-discovered evidence. The evidence must be such that it could not have been obtained upon the former trial by the exercise of reasonable diligence. Counsel in the trial of cases is required to exercise reasonable diligence in their preparations for trial and will not be relieved from their neglect to do so. The evidence, of course, must be material to the merits of the case, and must not relate merely to collateral matters. It must not be merely cumulative. At the time of the trial the party and his counsel must determine how much evidence to present upon a given point. It must not tend merely to impeach witnesses. Such evidence must be presented at the time of the trial. It must be promptly made or opposing counsel may be deprived of evidence which otherwise might be available. It must be upon a case and the new evidence upon which a party relies must be presented in the shape of affidavits of the witnesses who are expected to testify, and, above all, the evidence must be of such a character that the court is satisfied that the new evidence would probably change the result.

In this instance the rules applicable to a motion for a new trial have been substantially complied with, except the one requiring the evidence to be presented in the shape of affidavits of the witnesses themselves. It is not sufficient to present the affidavit of a party or his attorney stating what the witnesses will testify to. Such statements are hearsay. "It has long been the rule in this state that a motion for a new trial because of newly discovered evidence must be founded on the affidavits of the newly discovered witnesses, unless it is shown that they cannot be obtained." (*Matter of Mayer*, 84 Hun, 586, citing cases; *Adams* v. *Bush*, 1 Abb. Ct. App. Dec. 7; 2 Abb. Pr. [N. S.] 104; *Shumway* v. *Fowler*, 4 Johns. 424; *Holmes* v. *Roper*, 10 N. Y. Supp. 284, 289 [4th Dept.]; *People* v. *Moore*, 29 Misc. 574; *Armstrong Mfg. Co.* v. *Thompson*, 88 N. Y. Supp. 151; *Roberts* v. *Johnstown Bank*, 14 id. 432.)

This requirement is a substantial one, since the court should have before it the testimony of the witnesses upon which the motion

is based, in order that it may determine whether or not the evidence, if presented on a new trial, would probably change the result. The defendants ask to amend their answer by setting up undue influence on the part of the plaintiff in inducing the execution of the contract in question. Both of the terms " undue " and " influence " are significant. Mere opportunity to exercise undue influence is not sufficient. It must be proved like any other fact. It must be a reasonable inference based not only upon the opportunity to exercise it, but upon its actual exercise. Advice, suggestion, request, solicitation, argument, persuasion and importunities will not, alone, be sufficient. The presumption arising from confidential or meretricious relationships may be overcome by direct evidence. " A person has the right to use any reasonable and legitimate argument " to induce another to enter into a contract. The undue influence must be such as to deprive the party making the contract of the free exercise of his intellectual power, to superimpose the mind of another upon that of the party alleged to have been unduly influenced. Such being the issue upon the proposed amendment of the answer, it is highly important that the court should know from the affidavits of the new witnesses themselves what they propose to testify to, instead of taking their testimony second hand from the affidavits of the party or his attorney.

The motion should be denied, with leave to renew upon proper papers within a reasonable time.

So ordered.