**PRISAMENT et al. v. UNITED STATES.**
No. 8729.

Circuit Court of Appeals, Fifth Circuit.
May 27, 1938.

Thos. J. Shackelford, of Athens, Ga., for appellants.

T. Hoyt Davis, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a conviction under an indictment charging robbery of an insured bank by the use of a dangerous weapon, in violation of the act of May 18, 1934, c. 304, Sec. 2, 12 U.S.C.A. § 588b.

On the 18th day of December, 1936, two robbers entered the bank at Crawford, Georgia, and forced the cashier and two customers out of the bank by menacing them with pistols, while the robbers fled with over $3,000 of the bank's funds. After leaving the bank they were met by an accomplice with an automobile, in which they eluded pursuers on the country roads surrounding Crawford. On January 13, 1937, appellants were arrested at Royston, Georgia. On the latter date they were found to be in possession of three pistols, one shotgun, one roll of adhesive tape, a rope, money bags, and clips and ammunition for the fire arms. Their car was equipped with a license plate issued by the state of South Carolina; and they also had in their possession a license plate issued to Frank Cartee, under the name of Frank Johnson, by the state of New York. Short-

ly after the arrest, appellants were identified as the robbers by the cashier of the bank, two customers who were present in the bank when the crime was committed, and a filling-station operator who saw them enter and leave the bank at the time of the robbery. Other witnesses identified appellants as persons seen in the vicinity of the crime just prior to and immediately after the robbery.

The defense was an alibi, and appellants proved, without contradiction, that they boarded a motor bus in New York City at 5:25 a. m. on December 20, 1936, for a point in South Carolina, where they arrived on the morning of December 21st. Numerous witnesses testified that appellants were actually present in New York on December 16, 17, 18, and 19, 1936. The Government proved that the distance from Crawford, Georgia, to New York City is eight hundred and seventy-six miles by highway, and that the distance had been traversed by an automobile, similar to that used in the robbery, in nineteen hours, so that the robbers might easily have arrived in New York in the forenoon of December 19th.

After conviction and sentence, a motion for a new trial was filed. On this proceeding, appellants contended that the verdict was contrary to the evidence and that the motion should be granted on the basis of newly discovered evidence set out in the motion and numerous affidavits attached thereto. The alleged newly discovered evidence may be grouped under four propositions sought to be established thereby. They are that appellants were seen at various places in New York City on December 17th, 18th, and 19th; that appellants were in New York on November 26, 1936, the date on which the license tag on the car used at the time of the robbery was stolen at Covington, Georgia; that three men were seen driving on a country road about one mile from Augusta, Georgia, on December 17th and 18th, in a car similar to the one used in the robbery; and that certain documents left in the bank for safe keeping had not been recovered.

■ We think that the verdict is amply sustained by the evidence. The identifying witnesses testified positively that appellants were in Crawford on the day in question. If it be conceded that they were in Crawford, the sufficiency of the evidence to show that they robbed the bank cannot be questioned. Appellants contend that the evidence of their being in New York on the days mentioned was uncontradicted, and necessarily was disregarded by the jury. This contention overlooks the fact that the testimony of the seven witnesses, who testified to their identity as persons seen in Crawford, is directly in conflict with the alibi. This conflict presented to the jury an issue of the credibility of the witnesses, and no reason appears for disturbing their verdict.

■■ Passing the proposition that a motion for a new trial is ordinarily addressed to the sound discretion of the trial court (Casey v. United States, 9 Cir., 20 F. 2d 752, certiorari denied 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632), we have considered the motion on its merits. Fewox v. United States, 5 Cir., 77 F.2d 699. In the case of Johnson v. United States, 8 Cir., 32 F.2d 127, on the question of newly discovered evidence, it was said (page 130): "There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

■ Applying these tests to the evidence relied upon for a new trial, that tending to show that appellants were in New York at the time of the robbery was merely cumulative; that tending to show that they were not present when the tag used on the robbery car was stolen, in itself, is not persuasive on the question of guilt or innocence, since a third party, unknown and unheard of before the robbery, was in charge of the car at the time, and any presumptions arising from possession of the stolen tag would attach to him alone. Likewise, the showing that three men were seen the day of the robbery and the day before near the Augusta highway is consistent with guilt, and is not such evidence as would be likely to produce an acquittal. The fact that documents belonging to a named person were stolen by the robbers, and have not been located, is not shown to be relevant. This fact is not supplemented

by proof that the presence of the documents in the bank furnished a motive for other suspects; neither has it any other probative value. Appellants have the burden of showing a denial of some substantial right in order to obtain a reversal, and they have failed to meet this burden. Rich v. United States, 8 Cir., 271 F. 566; Hall v. United States, 8 Cir., 277 F. 19; Simpson v. United States, 9 Cir., 289 F. 188, certiorari denied 263 U.S. 707, 44 S.Ct. 35, 68 L.Ed. 517; Armstrong v. United States, 9 Cir., 16 F.2d 62, certiorari denied 273 U. S. 766, 47 S.Ct. 571, 71 L.Ed. 881; Shuman v. United States, 5 Cir., 16 F.2d 457.

The record before us does not present any reversible error, and the judgment of the district court is affirmed.