**REED et al. v. KELLERMAN.**

No. 396.

District Court, E. D. Pennsylvania.

Dec. 31, 1941.

196

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

Wm. C. Schwebel, Charles Roisman, and J. George Lipsius, all of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The defendant has filed a motion for a new trial and a motion to take additional testimony on after discovered evidence, under Rule 59 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This case was tried before me without a jury. I filed my opinion and finding for the plaintiff on July 30, 1941. 40 F.Supp. 46.

Defendant filed with the clerk of the court a motion for a new trial on August 8, 1941, assigning the following reasons:

"1. The Findings and verdict was against the evidence.

"2. The Findings and verdict was against the weight of the evidence.

"3. The Findings and verdict was against the law."

This motion was not called to my attention.

Judgment was entered against the defendant on August 19, 1941.

On August 29, 1941, defendant filed another motion for a new trial, advancing the same reasons as stated in the motion of August 8th.

On August 30, 1941, more than ten days after the entry of judgment, the defendant filed a "motion for new trial, to take additional testimony and direct entry of new judgment". In support of the motion the defendant assigned the following reason:

"1. Defendant has after discovered evidence of additional witness which determines the principal issue of Plaintiff's action, i.e., the circumstances of the execution of the Consent to Transfer the pledged stock. Said testimony is material and necessary for an equitable disposition of this suit. This motion is made under the authority of Rule 59, Section 2, relating to actions tried without jury, and the principles concerning Suits in Equity in the courts of the United States."

This opinion is in disposition of the several motions filed.

First, as to the identical motions of August 8th and August 29, 1941:

█ These motions are denied. I am satisfied that the finding of the court of July 30, 1941 was sustained by the weight of the evidence and the law.

Now, as to the motion of August 30th:

Rule 59(b), Rules of Civil Procedure, provides as follows: "(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment, except that a motion for a new trial on the ground of newly discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence."

Leave of court was not obtained in the present instance. No affidavits were filed in support of the motion. Nothing is set forth in the motion for a new trial to indicate the nature of the after discovered evidence, nor the time of its discovery, nor the reason for its lack of availability at the trial.

However, overlooking the informality of the proceedings, the defendant's position can be gathered from the brief in support of her motion. The new evidence which the defendant desires to present is that of L. C. Nice, one of the bank officials. Defendant claims that Mr. Nice was in charge of the Kellerman transactions and could give testimony concerning the circumstances of the execution by the defendant of the Consent to Transfer

the pledged stock. Counsel for defendant sets out in his brief, a statement he has received from L. C. Nice on August 25, 1941, which is as follows:

"I, Linford C. Nice, of 1013 Melrose Avenue, Oak Lane, Philadelphia, was Cashier and Vice President of Northwestern National Bank & Trust Company during the entire period of time George Kellerman had banking and other business with the bank.

"I gave George Kellerman a blank form in the year 1931, which he returned to me, signed by Matilda B. Kellerman in blank. Matilda B. Kellerman was never in the Northwestern National Bank to the best of my knowledge.

"(sgd.) Linford C. Nice."

It can scarcely be contended that Mr. Nice is a "newly discovered" witness. This case came to trial before me on February 11, 1941. The plaintiff completed presentation of its testimony at the close of that day. The case was then continued to February 13th, Lincoln's birthday, a holiday, intervening on February 12th. The defendant presented her testimony on February 13th. It was during the course of the trial on February 13th that reference was first made to Mr. Nice. In the course of a spirited colloquy between Mr. Minnick, counsel for the plaintiff, and Mr. Lipsius, counsel for the defendant, the latter made this statement (N.T. p. 149):

"I am surprised that Mr. Nice is not here. If I had known that he was not to be subpoenaed by Mr. Minnick, I would have subpoenaed him".

Previously (N.T. p. 148) Mr. Lipsius had referred to Mr. Nice as follows:

" * * * He is the best evidence in this case * * *."

In view of the above, Mr. Nice and his testimony can hardly be described as coming within the category of "after discovered evidence".

The record therefore discloses that the defendant knew at the time of trial of the existence of Mr. Nice and the nature of his testimony.

The essential merits of the case have been fully discussed by the court in its original opinion, supra. The testimony that Mr. Nice might give is merely cumulative. Assuming that Mr. Nice would testify in accordance with the statement quoted supra, it would not change my conclusion.

A motion for new trial on the ground of newly discovered evidence must show that the evidence was discovered since the trial, and must also show facts from which the court may infer reasonable diligence on the part of the party moving for new trial, that the evidence is material and not merely cumulative or impeaching, and that the evidence will probably produce a different result on a new trial. Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 111 F.2d 140. See, also, numerous cases cited in Hughes on Federal Practice, Vol. 6, § 3886, and Moore's Federal Practice, Vol. 3, p. 3245.

The offer of the defendant, such as it is, falls short of all requirements. The motion for a new trial is therefore dismissed.