## CROW v. DUMKE.

### No. 2869.

Circuit Court of Appeals, Tenth Circuit.

May 13, 1944.

Benjamin C. Hilliard, Jr., of Denver, Colo. (George H. Blickhahn, of Walsenburg, Colo., on the brief), for appellant.

Byron G. Rogers, of Denver, Colo., for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges and RICE, District Judge.

HUXMAN, Circuit Judge.

John H. Reniger instituted this action against Clyde Winslow, Florence P. Anderson and J. M. Crow, each individually, and also against them as a co-partnership doing business under the name of Anderson Exploration Company, and against the Anderson Exploration Company, a corporation, to recover on a lease of an oil drilling rig. Judgment was rendered against them individually and also as a co-partnership, and against the Anderson Exploration Company, a corporation. J. M. Crow alone has appealed. After judgment was entered, Frederick William Dumke, administrator of the estate of John H. Reniger, was substituted as party plaintiff.

The grounds relied upon for reversal are: (1) That the evidence is insufficient to sustain the finding that appellant was liable as a partner, and (2) that the court abused its discretion in refusing to grant a new trial on the ground of newly discovered evidence.

Appellant, Florence P. Anderson and Clyde Winslow entered into written articles of partnership under the name and style of the Anderson Exploration Company, about May 1, 1942. The object of the partnership was the procurement of oil and gas leases to a large acreage of land, with the ultimate object of drilling and exploring the acreage for oil and gas. A large acreage was assembled by the partnership.

The agreement on which this action was based was executed between Clyde Winslow and Ruth C. Brazil October 1, 1942. The agreement was drawn on stationery which was headed:

"Anderson Exploration Company
(To Be Organized)
"Clyde Winslow,
"Syndicate Manager."

It made no reference to the partnership. In the agreement Winslow leased a drilling rig and outfit from Mrs. Brazil for which he agreed to pay her $25 per day for the length of time he had possession of the rig. She assigned her interest in the contract to John H. Reniger, who instituted this action to recover the amount due under the contract.

Appellant's defense to the action was that the sole object of the partnership was the procurement of the leases and that the partnership was terminated about July 15, 1942; that appellant did not represent him-

self to be a partner nor give his consent that anyone else should so represent him, and that Mrs. Brazil had no knowledge of the partnership and did not execute the agreement in the belief that she was dealing with the partnership.

Winslow and appellant both testified that the sole function of the partnership was assembling the block of leases and that the partnership agreement provided that when the acreage was assembled the partnership should be dissolved, a corporation would be organized for the purpose of developing the acreage, and that the leases would then be assigned to the corporation. They further testified that the partnership was dissolved about July 15, 1942, and that the copies of the partnership agreement were all delivered to Crow. Mrs. Anderson, the third member of the partnership, was not called and did not testify.

Mrs. Brazil testified that Winslow told her that he was executing the agreement on behalf of the co-partnership consisting of himself, Crow and Mrs. Anderson. Winslow denied this and testified that he told her he was executing the agreement on behalf of the corporation to be formed. What Winslow told Mrs. Brazil is, of course, incompetent to establish the existence of the partnership. It would be competent only to show the understanding of the parties to the agreement.

While Crow and Winslow both testified that the partnership terminated about July 15, 1942, there is evidence from which a contrary conclusion could be inferred. There is evidence that leases were being taken as late as August, 1942. It is admitted that this was the purpose for which the partnership was formed. There is no testimony that these later leases were taken in a manner other than those which were taken during May, June, and the first part of July. H. M. Brazil testified that he met Crow and Winslow at the Victoria Hotel July 31, 1942; that they discussed the entire proposition, and that they told him that they had a co-partnership consisting of themselves and Mrs. Anderson, and that Winslow was the manager. Frank A. Webber testified that he showed the contract between Winslow and Mrs. Brazil to Crow in November 1942, together with a power of attorney he held from her for the purpose of collecting what was due on the contract. Crow told him then that he knew of the contract and that no payments had been made thereon, and that

as soon as funds were available he would see that it was paid. The rig was moved to land owned by Crow. He helped in moving the rig by tearing down the fence, filling up the irrigation ditches, and made other arrangements for moving the rig on to the premises. All of this was at a time subsequent to the time when he and Winslow claimed the partnership had been dissolved. At a pre-trial conference in the court's chambers, Crow agreed to produce a copy of the articles of partnership, but later excused compliance on the ground that his wife evidently had destroyed all copies of the contract. There is evidence that as late as October 3, Crow instructed his attorney to keep possession of the leases and refuse to deliver them to the corporation. It is admitted that Crow was active in procuring the leases and that he made representations to his neighbors that a test would be made for oil and gas. The corporation was not formed until after the contract between Winslow and Mrs. Brazil had been executed. While the evidence as to the terms of the partnership and the date of the termination thereof was conflicting, it is our conclusion that it warrants the finding of the trial court that the co-partnership was not dissolved prior to the execution of the contract with Mrs. Brazil, and that the contract was made by and for the co-partnership.

It is urged that the court abused its discretion in refusing to grant a new trial on the ground of newly discovered evidence. This evidence consists of a letter written by Mrs. Brazil to Winslow under date of November 19, 1943. The letter was written in response to a telegram from Winslow. In it, she states that: "Not being a stockholder in your company I am not familiar with the business of your Board of Directors. * * * I entered into an agreement with you upon your representation that your company was organized and financed and had a permit to operate in the state of Colorado. * * *" It is urged, with considerable force, that this contradicts her statements that all she knew was the partnership. We cannot say, however, as a matter of law, that this letter would compel a judgment for appellant. The trial was to the court. Had the trial court felt that the letter would result in his changing his findings of fact, he would no doubt have granted the motion for a new trial.

Furthermore, before a new trial may be granted on the ground of newly dis-

covered evidence, the motion therefor must show that the evidence has been discovered since the trial, it must show facts from which the court may infer reasonable diligence on the part of the movant—in other words, it must show some reason why the evidence was not produced at the first trial—and it must show that the evidence is not merely cumulative, that it is material and is of such a nature that a new trial would probably produce a different result. Prisament v. United States, 5 Cir., 96 F.2d 865; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140. The motion for a new trial is devoid of any showing of diligence. No attempt was made to explain why the letter was not produced at the first trial. It was written to and was in the possession of Winslow, one of the members of the partnership and a defendant in the action. Winslow was a witness at the trial. He was apparently friendly to appellant and cooperated with him throughout the trial. He denied Mrs. Brazil's testimony that he told her that he was executing the contract for the partnership. During all this time he was in possession of this letter which tended to contradict her statements. Under all these circumstances we cannot say that the trial court abused its discretion in denying the motion for a new trial.

Affirmed.