## RAUDENBUSH v. BALTIMORE & O. R. R.
### No. 3777.

District Court, E. D. Pennsylvania.
March 29, 1946.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Howard Burtt, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Plaintiff, as administratrix, brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for the death of the decedent, her husband, alleged to have been caused by the negligence of the defendant railroad. A jury trial was had, and verdict was returned for the plaintiff. On defendant's motion, this Court, on November 21, 1945, 63 F.Supp. 329, set aside the verdict and ordered entry of judgment for the defendant. Plaintiff now moves for a new trial, assigning certain errors and additional reasons therefor, to be considered below.

Although the defendant has questioned the timeliness of the plaintiff's motion, I think it unnecessary to dispose of that issue, since I am of the opinion that, in any event, the motion for a new trial is without merit.

First, the instant motion questions the correctness of the legal conclusions reached by this Court in granting the defendant's motion to set aside the verdict. It seems to me that the proper procedure would be to seek appellate review of that decision, rather than a new trial, for if the

**8**

decision were erroneous, it would be sufficient to reinstate the jury's verdict.

■ Second, as to the charge that the sill step of the gondola was not "insecure" within the meaning of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. imposing absolute liability on the defendant, I am of the opinion that the ruling was correct under the law. Tobin v. Detroit, T. & I. R. Co., 1938, 57 Ohio App. 306, 13 N.E.2d 739. The ruling that the locomotive was not in "use" does not warrant reconsideration at this time since on the defendant's motion to set aside the verdict, it was determined that the failure to have the locomotive light on was not the proximate couse of the accident. The propriety of that determination, as I said, is a matter for appellate review.

■ Third, it is claimed that a new trial is warranted by the failure of plaintiff's counsel to introduce into evidence a deposition on the basis of which counsel examined the witness Lane at the trial. Since counsel had the deposition in his possession and used it at the trial, evidently it was felt that sufficient testimony was adduced to establish the point desired without offering the deposition in evidence. I do not feel that a new trial is justified for this reason alone.

■ Fourth, it is contended that defendant's employees, called as witnesses by the plaintiff, gave false testimony at the trial. In proof, counsel, in his brief, compares testimony given at the trial with alleged signed statements made by the witnesses prior to the trial. However, the alleged signed statements have not been submitted to the Court for examination and comparison with the record; to grant a new trial on the serious ground of perjury merely on the basis of a few excerpts selected by an interested party from matter not in evidence, would certainly produce unfortunate results. However, the discrepancies disclosed by the comparisons made in plaintiff's brief are slight and expectable, considering that the trial was held in April, 1945, and the statements were made, according to counsel, in February, 1944. If the statements are of any significance at all, it is for impeachment purposes. If the signed statements are "newly discovered" evidence, then "It is well settled that motions for a new trial on the ground of newly discovered evidence must do more than merely seek to relitigate old issues, and cannot be allowed where the new evidence is merely for the purpose of corrobo-

ration or impeachment." F. W. Woolworth & Co. v. Seckinger, 5 Cir., 1942, 125 F.2d 97, 98. If they are not new evidence, there is even less reason for a new trial, for counsel was aware that the witnesses would possibly prove hostile, and having their prior signed statements, could have used them to accomplish his purposes at the trial. As a matter of fact, counsel did secure permission at the trial to cross-examine certain of his witnesses. The time to impeach was then, not now.

■ On the basis of the slight discrepancies, counsel has evolved several new "theories" on which, it is claimed, the jury might have found the defendant liable. The difficulty with these "theories" is that they are of the "grasping at a straw" type, too many of which have been included in this case. Thus, it is now suggested that the decedent might have been frightened into losing his grip when the conductor called out to him to brace himself, or that he might have been blinded when the engine light was turned on, although throughout the trial the contention was that the failure to have the light on was a cause of the accident. It is said now that the witnesses lied to cover up these "facts". Previously, it was variously contended that (1) the decedent was knocked from his stand by the brakeman, or (2) jarred by the train, or (3) struck by the engine while standing on the tracks. Such futile, inconsistent arguments only confuse the issues.

■ Finally, the plaintiff sets forth as additional grounds for a new trial, the discovery of new evidence. However, the motion fails to make a showing of, or even an assertion of, the use of due diligence to discover the evidence before the conclusion of the trial. That such failure is fatal to the motion has long been the law. Thus, in Reed v. Kellerman, D.C., 2 F.R.D. 195, at page 197, this Court said: "A motion for new trial on the ground of newly discovered evidence must show that the evidence was discovered since the trial, and must also show facts from which the court may infer reasonable diligence on the part of the party moving for new trial, that the evidence is material and not merely cumulative or impeaching, and that the evidence will probably produce a different result on a new trial."

■ In any event, the mere recitation of the nature of the "newly discovered" evidence discloses that timely inquiry, or

even more detailed examination of the witnesses at the time of the trial, would have sufficed to produce the "new" matter. Thus, it is stated in the motion that there is "after-discovered" evidence to show that the conductor was not a qualified conductor and "that fact was one the engineer knew or should have known." Similarly, the motion states that there is "after-discovered" evidence which will establish that the engineer is responsible for train movements in the absence of a conductor. Certainly the evidence now offered is not of such character that due diligence would have failed to expose it, if counsel had thought to look for it. Similarly, the plaintiff has submitted an affidavit executed by a detective of the Bureau of Police, City of Philadelphia, in which it is stated that the information was acquired in the course of a routine investigation of a reported death. Here again, the evidence on its face indicates that due diligence would have undoubtedly brought it forth.

Accordingly, it is my opinion that the plaintiff's motion for a new trial must be denied. An order may be entered in pursuance hereto.