Petition of WELTZIEN.

District Court, S. D. New York.
Sept. 16, 1946.

W. F. Watkins, Dist. Director, Immigration and Naturalization Service, of New York City, for the government.

Curtis, Mallet-Prevost, Colt & Mosle, of New York City (Hamilton Hicks, of New York City, and Lemuel B. Schofield, of Washington, D. C., of counsel), for respondent.

MANDELBAUM, District Judge.

On January 7, 1946, Julius Weltzien, hereinafter called respondent, was admitted to United States citizenship and received a certificate of naturalization bearing No. 6582817.

By order to show cause dated April 4, 1946, and within the term of court, the government has applied to this court for several forms of relief. But, in essence, it is a motion for a rehearing of respondent's original naturalization proceeding on the ground of alleged newly discovered evidence.

Respondent filed his petition for naturalization on October 15, 1943. It was incumbent upon him to establish that for a period of five years preceding the filing of his petition (from October 15, 1938, to October 15, 1943) he had been a person attached to the principles of the Constitution of the United States, and well disposed to its good order and happiness, and that he also was a person of good moral character. At the final hearing the government offered no objection to the granting of his petition no fraud or illegality appearing.

The government now contends that it was misled by respondent's statements made prior to his naturalization as developed by an investigation made by the Department of Justice in Germany since January 15, 1946. That the war prevented complete investigation abroad and that the true facts could not then be readily ascer-tained. That it is now in a position to show that the respondent procured his naturalization by fraud; that he was not a person attached to the principles of the United States government and well disposed to its good order and happiness during all of the requisite period.

The motion is vigorously opposed both on procedural and substantive grounds, the first two of which allege that the government has failed to comply with both Rule 5 and Rule 26 of the rules of this district. As to that, no discussion is necessary since the remaining objections which go to the merits are the ones with which the court will concern itself. They are:

1. A motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, must specify alleged newly discovered evidence and show that it is not cumulative which was not done here.

2. The government's exclusive remedy lies under Sec. 738, Title 8 U.S.C.A., The Nationality Act of 1940. That Rule 59 of the Federal Rules of Civil Procedure does not provide for such proceeding and does not apply to citizenship proceedings. Further, that Rule 81(a) (2) of the Federal Rules of Civil Procedure expressly excludes the Rules of Civil Procedure from application to citizenship proceedings.

If the second objection is valid then a consideration of the substantive question of the alleged newly discovered evidence is obviated. The court will therefore consider the objections in inverse order.

We may start with the basic proposition that a proceeding for naturalization is essentially a judicial proceeding and that an order of the district court granting or denying a petition for naturalization is a final decision which is reviewable by the Circuit Court of Appeals. Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738. It therefore follows that an order admitting an alien to citizenship is a judgment of the same standing as any other judgment of a court having jurisdiction.

With this in mind, we come directly to the claim that the government has proceeded improperly and that the only method of cancellation of a naturalization certificate

is by suit, Title 8 U.S.C.A. § 738, Nationality Act of 1940. Even a perfunctory examination of the matter discloses that this argument is untenable.

■ Sec. 738 which is practically identical with Sec. 15 of the Nationality Act of June 29, 1906, outlines the procedure to be followed in a cancellation or revocation proceeding and is supplemental to any other remedy which is available to obtain a rehearing of the original naturalization proceeding (United States v. Ovens, 4 Cir., 13 F.2d 376; Macoluso's Naturalization, 237 Pa. 132, 85 A. 149, Ann.Cas.1914B, 226; United States v. Kornmehl, D. C., 89 F. 10).

The proceeding before this court is not a revocation or cancellation proceeding. It is, as I stated at the outset, an application for a rehearing predicated upon alleged newly discovered evidence. If I am correct in my assertion that an order granting citizenship is no different than any other judgment, it must of necessity be as vulnerable as any other kind of judgment.

■ There have been instances where petitions for naturalization have been denied and thereafter, on motion of the government, granted on newly discovered evidence. Obviously in such situations no problem is encountered since both the government and the petitioner are satisfied.

The converse of this proposition is equally true. So that an order granting citizenship may be vacated on newly discovered evidence. While under such circumstances a more serious problem is presented the principle nevertheless is the same.

■ I cannot go along with the respondent in his claim that Rule 81(a) (2) of the Federal Rules of Civil Procedure or the Nationality Act of 1940 precludes this application. As I see it neither have in any way affected or altered the rights of any litigant, be he individual or sovereign to attack a judgment on well-recognized principles. Rule 81 (a) (2) makes the Rules of Civil Procedure directly applicable to naturalization proceedings in that it provides that those rules are applicable to such proceedings except to the extent that the practice herein is otherwise defined by statute. Petition of Garcia, D.C., 65 F.Supp. 143.

I have resolved that since the Nationality Act of 1940 is barren of any provision dealing with a motion for a rehearing or new trial in citizenship matters, Rule 59 of the Federal Rules of Civil Procedure accordingly applies.

We now turn to the substantive question as to whether or not the government has presented newly discovered evidence in the accepted legal sense sufficient to warrant the granting of a rehearing.

■ Although a motion of this character is addressed to the sound discretion of the court, it must be guided by certain definite rules in determining whether the evidence submitted is newly discovered.

In Crowe v. Dumke, 10 Cir., 142 F.2d 635, 636, the court said:

"Furthermore, before a new trial may be granted on the ground of newly discovered evidence, the motion therefor must show that the evidence has been discovered since the trial, it must show facts from which the court may infer reasonable diligence on the part of the movant—in other words, it must show some reason why the evidence was not produced at the first trial—and it must show that the evidence is not merely cumulative, that it is material and is of such a nature that a new trial would probably produce a different result. Prisament v. United States, 5 Cir., 96 F.2d 865; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140."

Principally, the government relies on the affidavit of George W. Jansen, Esq., an attorney attached to the Department of Justice who says that certain information has recently been received from Germany which leads him to the belief that the respondent did not disclose certain material activities in the course of his citizenship proceedings, and respondent held and holds certain views which are inconsistent with loyalty to the United States Constitution.

The present position of the government centers around proceedings in the Treasury Department since January 15th, 1946 wherein respondent sought to unblock certain funds tied up during the war.

It appears from Jansen's affidavit that respondent refused to admit that a certain transaction known as the "Cepha" transaction was designed to camouflage American and British holdings of Schering A. G. of Berlin.

It is undisputed, however, that the business activities of respondent in connection with corporations known as Schering A. G. of Berlin and of Schering Corp. of New Jersey, were fully known not only by the naturalization authorities at the time of the naturalization proceedings, but by the public at large, both from an anti-trust suit started against Schering in New Jersey in 1941 which resulted in a plea of nolo contendere but also from various publications on the subject of cartels, in which the whole Schering set-up is discussed and analyzed (including the "Cepha" transaction).

Jansen then goes on to say that evidence received from Germany indicates clearly that respondent was one of the prime movers behind all the activities of Schering A. G. of Berlin to cloak its foreign holdings and that respondent's coming to the United States and even his application for citizenship was in furtherance of this scheme. And finally, to use Jansen's own words, he says that "although there is no indication that Weltzien was pro nazi, it seems unquestionable that he believes sincerely in the supremacy of the German economy and that his loyalties and ties are basically with that country."

The court's statement of what the government contends is hardly complete. Nevertheless it is substantially what is set out by the government in more detail.

At the hearing of this motion certain documents allegedly bearing on this case were offered by the government to the court for inspection, to which the respondent objected unless the same were shown to him. Upon the government's refusal to do so, the court declined to inspect them.

It is now conceded by the government that the court was justified in taking the action it did. Neither was a record of the naturalization proceedings produced nor would the government produce it even if subpoenaed to do so.

From the foregoing, the court is left with nothing but conclusions and inferences of Jansen based upon unspecified alleged evidence stated to have been obtained from unknown sources by unnamed persons.

It has been held that the affidavit of a party or his attorney as to what a witness will testify to is hearsay and insufficient to support a motion for a new trial. Collins v. Central Fruit Co. of Rochester, 135 Misc. 465, 238 N.Y.S. 226.

Since the unrevealed evidence which is in the possession of the government may be cumulative of what was already known at the time of the naturalization proceedings, or of an impeaching nature only, the court cannot permit a rehearing based on speculation. The evidence which is alleged to be newly discovered must be specifically set forth and come within the requirements laid down in Crowe v. Dumke, supra. The government has failed to meet this burden and the motion must be denied.

The respondent has also urged upon the court the cases of Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, and Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, in opposition to this application. These are cases involving denaturalization proceedings and are not controlling.

This is simply a motion for a rehearing on alleged newly discovered evidence. The denial of the motion in no way is indicative of the court's opinion of the ultimate outcome if the government should elect to proceed under Sec. 738 of Title 8 U.S.C.A.

The motion is denied.