**EASTERN AIR LINES, Inc. v. UNITED STATES.**

**Civ. A. No. 1055.**

United States District Court
D. Delaware.

Jan. 30, 1953.

William Bennethum, of Morford, Bennethum, Marvel & Cooch, of Wilmington, Del., and Joseph Henderson, of Rawle & Henderson, of Philadelphia, Pa., for plaintiff.

James L. Latchum, Asst. U. S. Atty., Wilmington, Del., and James B. Spell, Sp. Asst. to the Atty. Gen., for defendant.

LEAHY, Chief Judge.

Defendant moves for a new trial or an amendment of judgment under Fed.Rules Civ.Proc. rule 59(a), 28 U.S.C.A. Defendant also moves to reopen the case to take additional testimony directed to the issue of negligence of plaintiff's pilots. For the decision, based upon the evidence adduced at trial, see D.C.Del., 110 F.Supp. 491. Defendant wishes to take the post-trial deposition of one Annie Lee Moore Walker of Columbia, South Carolina, who was a passenger in plaintiff's airliner at the time of the collision of plaintiff's and defendant's planes. The moving papers disclose the alleged facts to which the witness is expected to testify.

Prior to trial, plaintiff took the testimony by deposition of Almeda Kelly Blackmon in Columbia, South Carolina. At that time defense counsel inquired of plaintiff's counsel whether objection would be made to the taking of Mrs. Walker's deposition without the usual notice. Defense counsel was then instructed that Mrs. Walker was available in Columbia and that plaintiff's counsel knew where to reach her, as she was presently at her home. Further, plaintiff's counsel stated he would waive all formal notice and that Mrs. Walker's deposition could proceed at once. Defense counsel, however, did not take Mrs. Walker's deposition either at

that time or any other time. Clearly, he had full knowledge then of the facts to which she would testify. In fact, during the course of the trial, when the matter of the absence of Mrs. Walker's testimony was referred to, defense counsel stated that he considered if her testimony were to be made available "it would be useless duplication".

■ 1. Motions for a new trial are addressed to the discretion of the court. Newly discovered evidence refers to evidence of facts existing at the time of trial of which the aggrieved party was excusably ignorant.[1] The application for a new trial will be denied where the degree of activity which led to the discovery of the evidence post-trial would have produced it had it been exercised prior to trial. To support a motion for a new trial on the ground of newly discovered evidence, the evidence must have been discovered since trial, is not cumulative, is material, and the production of such evidence will probably produce a different result.[2] A discretion to reopen a case for the taking of additional testimony should be exercised only where circumstances show justification. Failure of a party to call *available witnesses* to meet issues raised at trial does not justify the reopening of a case after decision upon the merits.[3] Judge Kalodner stated the rule succinctly in Reed v. Kellerman, D.C.E.D.Pa., 2 F.R.D. 195, 197: "A motion for new trial on the ground of newly discovered evidence must show that the evidence was discovered since the trial, and must also show facts from which the court may infer *reasonable diligence* on the part of the parties moving for new trial, that the evidence is material and not merely *cumulative or impeaching,* and that the evidence will probably produce a different result on a new trial." (Emphasis added.)

■■ 2. Here, defense counsel knew of the facts about which Mrs. Walker

1. United States v. Bransen, 9 Cir., 142 F. 2d 232; Campbell v. American Foreign Steamship Corp., 2 Cir., 116 F.2d 926.

2. Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140; Crow

v. Dumke, 10 Cir., 142 F.2d 635; Prisament v. United States, 5 Cir., 96 F.2d 865.

3. Rue v. Feuz Construction Co., Inc., D. C., 103 F.Supp. 499.

would testify. He knew where she was. As noted, he was also given the opportunity by plaintiff's counsel when both were in Columbia, South Carolina, to have Mrs. Walker available to testify by deposition. Due diligence is clearly lacking here. Moreover, an examination of the facts about which she would now testify indicates her testimony would follow defendant's theory as to how the accident happened. At trial, many witnesses were produced to support defendant's theory of plaintiff's contributory negligence. Mrs. Walker's testimony would be, therefore, patently cumulative. As such, it would not tend to produce a different result from the decision I have already made in the case at bar. Among the papers now before me, it is shown that Mrs. Walker, in fact, on two other occasions gave two different statements of her version of what occurred at the time of collision. At that time she was reclining on a right-hand seat of the DC-3, looking across the aisle and out a window on the left side of the plane; she observed the course and direction of the Government's A-26. Both of these statements would seem to support plaintiff's version as to what happened immediately before and at the time of the collision of the two planes. Her proffered story at this time is directly contra. I conclude her new testimony would be of little help.

■ 3. In support of defendant's motion for a new trial, apart from Mrs. Walker's proffered testimony, various reasons are urged in support of the motion. For example, on the basis of the findings found in my decision of December 1, 1952, defendant has prepared a drawing showing the paths of flight of both planes with respective speeds, angles of vision, and time sequence of position of both planes. Various mathematical computations have been made by defendant, based on the drawing, and from this it is argued the collision could not have occurred, according to plaintiff's version of the facts, which was accepted by the Court, without defendant's A-26 having been in the line of vision of plaintiff's DC-3 pilots for a considerable period of time prior to the collision instead of a split second prior to the impact of the two planes. Even on the basis of this theoretical drawing, I still believe the conclusions found in my opinion and findings that plaintiff's pilots were vigilant in exercising care and they did not and could not have seen the A-26 prior to the split second before impact, should still hold because in finding liability in the case at bar and the absence of contributory negligence on the part of plaintiff, I dealt with the approximates for it was obvious to me that no one could measure with mathematical certainty what were the actual facts of flight while the two planes were in the air and converging upon one another. Other points were urged for a new trial. They have been considered. But I conclude they are either not persuasive or are without merit in fact, on the record before me, and in law.

4. Plaintiff's motions for a new trial and for an amendment of judgment under Fed. Rules Civ.Proc., rule 59(a), as well as its motion to reopen the case for the purpose of taking the testimony of Mrs. Walker by deposition, should be denied. My previous decision and findings will, therefore, stand, except for one inaccuracy therein contained, i. e., the accident happened on a Thursday instead of a Sunday.

An order may be submitted dismissing defendant's motions for a new trial and for the reopening of the case.