Alexander Del Giorno, J.
This is a motion for an order vacating the decision heretofore rendered and filed, withdrawing the opinion of the court, reopening the case and permitting claimant to offer further proof. The application is made upon the ground of newly discovered evidence which was not available to claimant at the time of trial, or evidence which claimant was unable to obtain at the time of trial because it was within the knowledge of various individuals associated with or in the employ of the State and was not brought forth at the trial by the State.
The claim was for damages for the appropriation by the State of the property of the claimant. In its findings of fact and conclusions of law, the court found that the 2,956 feet frontage by 500 feet to the rear along Route 9-W was entitled to a valuation on the basis of front foot value to a depth of 500 feet, and awarded claimant the sum of $190,000 for both direct and consequential damage, with interest which presently amounts to more than $28,500.
The only affidavits submitted by claimant in support of the motion, and in reply to State’s opposing affidavits, are made by William J. Duggan, of counsel to claimant. He alleges that since the rendition of the decision herein, it has come to his attention “ that certain officials, in their capacity as representatives of the State of New York and based upon their experiences in *640 ascribing certain valuations to property in and about the region of the claimant’s property, have made as a matter of public record certain statements wherein they have evaluated property on the westerly side of Route 9-W, north of Neighborhood Road, and directly across from claimant’s property He then names those representatives as Mr. C. J. Isley and Mr. Vanderburg, described as adjusters for the State of New York, who have been instrumental in ascribing certain value on a front-foot basis to the frontage of such property along the westerly side of 9-W.
Claimant alleges that the amount awarded to her is inadequate and does not reflect the true value of the property appropriated.
It is claimed further that the testimony of a Mr. Edward O’Connor and Mr. Lawrence McAvery, real estate appraisers retained by the State to evaluate parcels in and about the immediate area of the real property, is the basis of this claim.
In his affidavit, Mr. Duggan alleges that the testimony of Messrs. Isley, Vanderburg, O’Connor and McAvery will show the true value of claimant’s property on a front-foot basis. He states that such evidence was unobtainable by him at the time of trial because it was within their knowledge as State employees or as appraisers retained by the State and was not elicited at the trial by the State.
Mr. Duggan alleges further that at the trial, the State’s experts stated there were no comparables in and about the area of the subject property, although the State did produce an appraiser who testified to a front-foot value of $45 for the subject property. Since the trial, it has come to his knowledge that there were comparables available, and that the State knew of these and yet did not bring them to the court’s attention. He alleges that these comparables were three to eight times higher than the $45 front-foot value.
Through conversations with Messrs. O’Connor and McAvery, claimant states that he has discovered that directly across Route 9-W from the subject property, there are four parcels appropriated by the State generally at the same time as the subject property and that these parcels can help the court to establish comparable value with respect to the subject property. It is submitted that such evidence is the best evidence and that such evidence is in the form of statements made in open court and in the form of testimony to be submitted which will be their independent appraisals of the subject property and of the parcels directly across Route 9-W, and therefore admissible as such without raising the question of whether settlements are admissible as evidence. Attached to the moving *641 papers and marked Exhibit u A ” is a copy of the testimony of Mr. McAvery in the claim of Getz v. State of New York (Claim No. 35881) involving one of the four parcels directly across Route 9-W. From it, and from conversations he had later with Mr. McAvery, Mr. Duggan deduces that a value of $154 per front foot was paid by the State. Assuming that Mr. McAvery’s testimony were to be accepted as an affidavit on the motion, the court finds no value therein which could be a basis for a change in this court’s decision. He was merely asked as to whether in his opinion the agreed amount represented a fair value for the damages sustained. There is not in his testimony one scintilla of evidence regarding the items which made up the agreed total. He refers also to the property of Nat Evans and Joseph Honig, another of the said four parcels, and alleges that a value of $200 per front foot was paid. Submitted to the court, and marked Exhibit “ B ” is a real estate appraisal made by Mr. Stanley W. Munro, concerning the instant property, which appraisal is based upon the alleged newly discovered evidence not available to Mr. Duggan at the time of trial.
In its opposing affidavits, the State contends that to obtain the relief sought claimant must have newly discovered relevant and material evidence likely to change the result and not available from a reasonably diligent search at the time of trial. The State points out also that numerous sales of front footage up and down Route 9-W were called to the court’s attention at the trial and are in the record; that claimant’s Route 9-W was only a small portion of her property of some 216 acres and her remaining two parcels were considerably enhanced in value by the appropriation, as indicated by certain of the findings. The State' denies that evidence of the State’s valuation of other properties appropriated, for the purpose of settling those other claims, is admissible in any event (Celeste v. State of New York, 15 A D 2d 593); that even if claimant had since discovered other sales, evidence of which were not available to her at the time of trial, claimant has not shown how such evidence could change the court’s opinion in view of the considerable enhancement in the value of claimant’s two remaining parcels caused by the appropriation and the very extensive trial record of sales of 9-W frontage already before the court.
The affidavit of Michael D. McDonald, submitted on behalf of the State, indicates that he is a principal claims engineer employed in the Albany office of the Bureau of Rights of Way and Claims of the New York State Department of Public Works. He states that before any taking, claimant had some 2,956 feet of frontage on Route 9-W, and that after all the takings she *642 had a frontage with access on Route 9-W of some 1,373 feet, thereby being deprived not of 2,820 front feet but of 1,583 front feet, and that if Mr. O’Connor valued same at $120 per front foot, the award would have been $189,960. As to the four other takings, he alleges that the average amount paid was not $164 as indicated by claimant, but that the amounts paid represented generally very considerable consequential damages as well as payments for substantial improvements. The appraisal on the Evans and Honig property allowed 45% consequential damage to a factory building; the award for the Getz property represented less than $103 per front foot on the basis of State’s appraisal; the Ferlazzo property brought $33 per front foot for the land above; the Berzal property settlement, based on the State’s appraisal, brought $47 per front foot for the land alone.
On a motion of this nature, the affidavits of the witnesses who are to testify on a new trial must be submitted to the court. (Collins v. Central Trust Co., 135 Misc. 465, 466, and the authorities cited; see, also, Gentile v. Mesick, 283 App. Div. 759; Tripp, Guide to Motion Practice, 1949-1955 Cum. Supp., § 120, subd. 6, par. [a].) It is not enough that a party or his attorney present an affidavit stating what the testimony of the proposed witnesses will be, as such statements are hearsay. (Collins v. Central Trust Co., supra.) Here, the application is made solely on the affidavits of claimant’s counsel, no affidavits of the proposed witnesses being submitted. Nor is claimant’s failure to present such affidavits on this application overcome because of the statement that such proposed witnesses are or were in the employ of or retained by the State. Such employment in and of itself does not constitute a refusal on the part of such witnesses to execute such an affidavit, and no other explanation for failure to present such affidavits is offered by claimant. If there were an actual refusal on the part of such proposed witnesses and such refusal is shown to the court, then their testimony may be obtained by depositions under section 307 of the Civil Practice Act for use upon the motion for a new trial. (Denny v. Blumenthal, 8 Misc. 544.)
The papers submitted by claimant on this application, therefore, are insufficient.
There is, however, another and more serious obstacle to the granting of the relief sought by claimant herein. The purpose of testimony sought to be adduced in a new trial would be to show the valuation made by the State of other properties appropriated for the purpose of settling those other appropriation claims. Such evidence would be inadmissible. (Hopkins v. State of *643 New York, 276 App. Div. 945; Matter of City of New York [Chrystie St.], 236 App. Div. 321, affd. 260 N. Y. 583; Matter of New York, Westchester & Boston Ry. Co., 151 App. Div. 50; 5 Nichols, Eminent Domain [3d ed.], § 21.33; see, also, Celeste v. State of New York, 15 A D 2d 593, supra.) Awards for other properties in the vicinity cannot be considered because such awards were not the result of a voluntary sale, were based upon a different record and were without benefit of cross-examination by the instant parties.
Insofar as it seeks to deviate from this rule, the argument of claimant’s counsel that the proposed testimony of Messrs. O’Connor and McAvery would constitute their independent appraisals of the subject property is without merit. The question of admissibility nevertheless remains. Further, in order to prevail on this motion, claimant must show that he has discovered new relevant and material evidence likely to change the result and not available from a reasonably diligent search at the time of trial. (Tripp, Guide to Motion Practice [Rev. ed. and Supps.], § 120.) This the claimant has not done.
The real estate appraisal submitted to the court on this motion, covering the instant property, based as it is upon the alleged newly discovered evidence not available at the time of trial, is without weight in the consideration of this motion.
The trial of this case consumed four days ’ time, during which the appraisers of claimant’s choice testified fully. Every opportunity was afforded claimant to try her case thoroughly and present in its best light the value of her damages.
Under all of the circumstances, the court feels that no proper ground for the relief sought has been presented. The motion is denied. Submit order accordingly.