Alexander Del Giorno, J.
This is a motion for an order setting aside and vacating a judgment of this court and reopening the trial of the claim for the purpose of permitting claimant to offer further proof consisting of alleged new evidence.
The claim was for damages for the appropriation of land owned by the claimant. The trial of this claim, one of four claims tried together, took place on September 27, 28, 29 and 30, 1960. On or about February 9, 1961, the court’s findings of fact and conclusions of law were filed, awarding claimant the sum of $59,000 for his direct and consequential damages.
Prior to the trial of the claim, claimant had received a partial payment on account of the appropriation in the amount of $21,600. On or about March 7, 1961, the Department of Law of the State of New York forwarded to claimant’s attorneys various documents for completion thereof in accordance with the Rules of the Court of Claims and of the Department of Audit and Control in order to effect the payment of the balance of the award made by the court. These papers were forwarded to claimant by his attorneys on or about March 9,1961, but were never completed or returned to them by him.
On or about June 29,1962, claimant’s attorneys moved to have the said balance of the award deposited in a bank subject to payment thereof to persons interested in said award upon application to and upon the order of the Supreme Court, and for an order fixing the amount of the attorneys’ lien on the award in the sum of $3,076.78. This motion was granted on September 12,1962 and, thereafter, on October 19,1962, amended findings of fact and conclusions of law were filed upon stipulation. In accordance with the said findings and conclusions, judgment was entered on October 22,1962. It is to be noted that, although the Attorney-General and claimant were in agreement that entry of judgment on the amended findings of fact and conclusions of law should be held in abeyance pending certain negotiations between them, the Clerk of the court, who was unaware of said negotiations, following the directions contained in the decision, entered judgment.
That thereafter claimant’s attorneys found that the reason for the refusal of claimant to accept the award was and is claimant’s belief that both the original and amended findings of fact contain an error in reference to the zoning of the property. On the trial, claimant’s real estate expert had testified that the subject property identified on the Land Map of Nassau County as Section 15, Block F, Lo.t No. 631, and partially appropriated in fee in accordance with Map 1135, Parcels Nos. 1166 and 1167 in New York State Highway Proceeding No. 1069, w'as *1064 zoned Business “ F ” to a depth of 450 feet from Jericho Turnpike. The State’s real estate expert, on the other hand, testified that the entire appropriated parcel was zoned ‘1 Residential ’ ’ but agreed that the character of the neighborhood justified consideration of the front 300 feet of claimant’s land as if it were zoned Business “ F ”. In its original and amended findings of fact, the court found that the claimant’s land was all zoned one acre ‘ ‘ Residential ’ ’; that notwithstanding such zoning, he agreed with the experts that the character of the neighborhood justified consideration of the front 300 feet of claimant’s land as if it were zoned Business “ F
The moving papers allege that investigation subsequent to the trial disclosed that claimant’s property actually was zoned Business “ F ” to a depth of 450 feet. Attached to the moving p'apers was a letter from the office of the Town Engineer, Town of Oyster Bay, dated October 3,1962, which stated that the claimant’s property, as it appears on the Town of Oyster Bay Zoning Map, adopted March 31, 1959, had been determined by him by scale to have been zoned “ F ” to a depth of 450 feet.
Relief is sought herein for the reason that the error with respect to the zoning of claimant’s property had a material effect upon the amount of award made to claimant.
On March 31, 1959, the Town of Oyster Bay adopted a comprehensive Zoning Ordinance and an accompanying Zoning Map. On section 15 of this map, which includes claimant’s property, was shown the outline of that portion of the WantaughOyster Bay Expressway which encompassed property appropriated from claimant and others. There was no indication within the right of way of any zoning, which fact rendered it difficult to determine from an examination of the map alone how claimant’s property was zoned on April 20,1959, when title was acquired, except for the rear portion thereof which extended beyond the expressway boundary. Claimant remained in ownership of the property between March 31,1959, the date the Zoning Map was adopted, and April 20,1959, the date of vesting. During that period of time the claimant’s property was subject to the comprehensive ordinance.
•Some six months prior to the time the claimant’s property was appropriated and the new ordinance was adopted, the State acquired title to two other properties in the immediate area. This fact tends to show why the map showed the boundary lines of the expressway and omitted indication of zoning within those boundaries. These claims were heard together with claimant’s.
*1065 On the return day of the motion, Mr. Seymour Stillman, offered as a witness by the claimant, testified as to the zoning of claimant’s property on April 20, 1959, the date of appropriation. The witness is a planning and zoning consultant, with whose qualifications the court is satisfied. The map which is part of the comprehensive Zoning Ordinance (claimant’s Exhibit 1) was prepared under his direction. Basing his opinion upon an examination of claimant’s Exhibit 1 and a reading of section 4 of article 2 of the Town of Oyster Bay Zoning Ordinance, he testified that the claimant’s property was zoned Business “ P ” to a depth of 450 feet on April 20,1959. The said Zoning Ordinance provided that “ the boundaries between [zoning] districts are either the center lines of street or railroad rights-of-way, or such lines extended or lines parallel thereto, unless otherwise indicated on the Building Zone Map ’ ’. He stated further that to determine the applicable zoning of claimant’s property, consideration must be given to this ordinance because, on claimant’s Exhibit 1, to the west of the Wantaugh-Oyster Bay Expressway there is shown a Business “ F ” zoning district having a depth of 450 feet, while to the east of the expressway and fronting on Jericho Turnpike is a residential zone. The outlines of claimant’s property as it existed prior to the appropriation imposed on claimant’s Exhibit 1 show the entire property to be west of the expressway center line. No zoning designation appears upon the map as to lands encompassed within the right of way of the expressway.
The first question to be determined herein is whether the court has the power to vacate the judgment. Subdivision 8 of section 9 of the Court of Claims Act provides that the court shall have jurisdiction ” to vacate, amend, correct, or modify any * * * judgment in furtherance of justice for any error in * * ° substance ”. Except as otherwise provided by the Court of Claims Act, or by the rules of that court or the Civil Practice Act, ‘ ‘ the practice shall be the same as in the supreme court ”. (Court of Claims Act, § 9, subd. 9; Smith v. State of New York, 214 N. Y. 140; Stevens v. State of New York, 277 App. Div. 418; Ehde v. State of New York, 260 App. Div. 511.) Section 1 of the Civil Practice Act provides: ‘1 This act shall be known as the civil practice act, and, except as otherwise expressly provided, shall apply to the civil practice in all the courts of record of the state.” The Court of Claims is a court of record. (Judiciary Law, § 2; Matter of Lee v. State of New York, 183 Misc. 615.) Section 1 of the Civil Practice Act thus constitutes additional authority that the act applies in the Court of Claims. (Johnson v. State of New York, 55 N. Y. S. 2d 792.)
*1066 The Supreme Court, in an action at law, possesses the inherent power to set aside or vacate judgment's, in furtherance of justice. (Ladd v. Stevenson, 112 N. Y. 325; Vanderbilt v. Schreyer, 81 N. Y. 646; Tomczak v. Roetzer, 283 App. Div. 851.) In the Ladd case, the court held (p. 332) that the Supreme Court has power to set aside or vacate judgments in the furtherance of justice; that such power exists independently of statute and is inherent and that “ it would be quite unfortunate if it did not possess it to the fullest extent.”
The Court of Claims has the same inherent power to set aside and vacate its own judgments when the circumstances call for such action on its part. The court feels that the ends of justice would be served best by the setting aside of this judgment in view of the fact that claimant cannot be charged with failure to present the proof at its disposal at the time of trial because the map, which was in evidence at that time, was ambiguous and required more explanation for its absolute comprehension. As a result, there was a misapprehension of the actual status of the case on the part of all concerned, and claimant has not had the trial to which he was entitled. (See Donnelly v. McArdle, 14 App. Div. 217.) Further, the fact that both sides agreed after trial that judgment should not be entered then, even though it actually was entered in the normal course of court routine, evinces a clear intention that the entry of judgment was to be held in abeyance for the purposes of the claimant and the State. The court, therefore, sets aside and vacates the judgment which was entered.
The motion to reopen the trial is next to be considered. Subdivision 8 of section 9 of the Court of Claims Act provides specifically that the court shall have jurisdiction, “before entry of judgment, to reopen a trial and permit submission of further evidence ”. The application herein is made upon the ground of newly-discovered evidence. The court finds that the evidence sought to be introduced was discovered after the time of trial and could not, with due diligence, have been discovered prior thereto. The court finds, further, that the evidence sought to be introduced is not cumulative, that it is material and would in all probability produce a different result if a new trial were to be held.
In its brief, the State raises the point that the papers submitted on the motion by the claimant are insufficient because there was not attached an affidavit of any proposed witness who would testify to the newly-discovered evidence and also because a copy of the Zoning Map was not attached thereto, citing Duggan v. State of New York (32 Misc 2d 638) decided by this court.
*1067 The court is of the opinion that the doctrine of the Duggan case was complied with when to his own affidavit the claimant’s attorney attached the letter from the Town Engineer. The State filed no reply affidavit, and as a matter of fact, at the time of the argument it cross-examined the witness Stillman whose testimony was proffered by the claimant in substantiation of his allegation in the motion papers. The court finds that the testimony of this witness has supplied any existing deficiency in the moving papers.
The ultimate legal rights of the parties herein and the necessity to avoid repetitions litigation call upon the conscience of this court to exercise that limited power of equity which we may employ when it arises as a natural concomitant of a legal dispute before this court.
Accordingly, the motion herein is granted, the judgment is set aside and vacated and the trial is reopened for the purpose of taking and hearing further testimony with respect to the zoning of the property and its value. This testimony having been offered by claimant upon the hearing of the motion, the court will make and file new findings of fact and conclusions of law.